WAYNE BALL, APPELLEE, V. GLADYS BALL, APPELLANT, IVAN JEFFRIES ET AL., INTERVENERS-APPELLEES.

141 N. W. 2d 449

Filed April 8, 1966.   No. 36213.

Sarah Jane Cunningham, for appellant.

Fred T. Hanson, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

McCOWN, J.

This case involves a proceeding in a divorce case to change the custody of one of three children from the father to the maternal grandparents on the ground of a change of circumstances.   The district court dismissed the amended ancillary petition of the grandparents and confirmed the custody of the minor daughter in the father.   This appeal followed.

Wayne Ball and Gladys Ball were married in 1950. They have three children, John, Thomas, and Susan. At the time of the hearing on August 23, 1965, the children were respectively 13, 12, and 10 years old. The plaintiff, Wayne Ball, filed a divorce petition against the defendant, Gladys Ball, on March 25, 1964, and obtained temporary custody of all the children. On January 14, 1965, a decree of divorce was entered, finding that the plaintiff was entitled to a divorce, and that the defendant, by her conduct, had forfeited her right to custody of the minor children of the parties. The plaintiff was given custody of the minor children, subject to the right of the defendant to visit them at reasonable times within the State of Nebraska. The maternal grandparents were granted the right to have the children in their home during the last 2 weeks of June of each year, and during Christmas vacation every other year.

By stipulation and order, the 2-week visit to the grandparents in 1965 was changed to June 27 to July 10. During this first visit, and on July 2, 1965, the grandparents filed an ancillary petition praying that the court on its own motion revise the original decree to give the petitioning grandparents exclusive custody of the minor daughter, Susan Ball. The amended ancillary petition alleged that there had been a change of circumstances, whereby the best interests of the minor daughter were not being served in the custody of the plaintiff.

On August 23, 1965, the district court entered its decree specifically finding: "* * * against the petitioners and in favor of the plaintiff; that the plaintiff is the natural parent of the minor and there is no evidence that the plaintiff is unfit to have custody; that there is no sufficient evidence of a change of circumstances to justify any change of custody; that the evidence shows that the plaintiff has made every reasonable effort to maintain a proper home for the three minor children of the parties after the defendant left them without cause; that it is to the best interests of the minor involved and

other children that the children be kept together and reared together; that the evidence shows that there was no complaint as to the care the father was giving to the minors until the children were visiting the petitioners; that the evidence shows that the plaintiff is making plans to provide a suitable home by marrying a person who is willing, able and suitable to assume the role of parent to the minor children; that the expression of the minor daughter that she wants to live with the petitioners is not sufficient under the circumstances shown by the evidence, to deprive the plaintiff of custody of said minor daughter."

The amended ancillary petition was dismissed, and the custody of the minor child, Susan Ball, was awarded to the plaintiff in accordance with the former decree.

The proper rule in a divorce case where the custody of a minor child is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents. Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847.

Courts may not properly deprive a parent of custody of a minor child unless it is affirmatively shown that such parent is unfit to perform the duties imposed by the relationship or has forfeited that right. Goodman v. Goodman, 173 Neb. 330, 113 N. W. 2d 202.

It will be noted also that this is not a case involving a contest for custody between parents, nor even a situation in which the grandparents have previously exercised custodial rights. It is also established that an application for a change of custody of a minor child, provided for in a decree of divorce, must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree and in the absence of such facts and circumstances, the decree will be deemed res judicata. Young v. Young, 166 Neb. 532, 89 N. W. 2d 763.

It is quite apparent from an examination of the record

that the basis for this proceeding to change custody is grounded on certain incidents related by Susan, and not fixed as to time. On one occasion, she said she found "a whole bunch of bad pictures" under the mattress in her father's room. She goes on to testify that she told her brothers about them, and that after they had seen them, they tried to get her to do bad things, and to take off her clothes. According to her story, the incident occurred while her father was gone, and that he was usually gone every night of the week except 2. She also asserted that the "babysitter" told her all about sexual matters.

The brothers' story about finding the "pictures" and books is at complete variance with Susan's version. They flatly deny any misconduct with her. Virtually every witness except Susan testified that the children were never left alone at any time for more than a few minutes. The "babysitter" was a neighbor with grown daughters, who testified that she only answered, to the best of her ability, the questions which Susan asked.

The father introduced in evidence two 1959 nudist council magazines which he had found while cleaning out the closet about a year after his wife had left him. He had put them in his dresser drawer under some papers. One pamphlet called "Personal Hygiene for every Woman and Girl" belonged to his former wife, and it had been in an upper cabinet in the kitchen. A regularly bound book, "When you Marry," published by the secretary of the National Conference on Family Relations, was in a bookcase. These are the locations where the boys testified they found them, and they did not even know that Susan had ever seen them.

Except for the incidents above, related by Susan, the evidence is without contradiction that the plaintiff had made every reasonable effort to maintain a proper home for the children, and at least one witness felt that he was doing a much better job of it than the mother had done previously. The evidence also showed that the

father was engaged to be married in a short time to a woman, with a 6-year-old daughter of her own, who was willing, able, and suitable to assume the role of parent to his children.

The district court was correct in finding that there was no evidence that the plaintiff was unfit to have custody, nor was there sufficient evidence of a change of circumstances to justify any change of custody. See Goodman v. Goodman, *ante* p. 83, 141 N. W. 2d 445. The rule of that case is of even stronger application here where the parties applying for a modification of a custody decree are not parents, but grandparents who have not previously had custody.

For the reasons stated, the action of the district court was correct and is affirmed.

AFFIRMED.