IN RE APPLICATION OF HENRY CARLSON, JR., FOR A WRIT OF HABEAS CORPUS.
HENRY CARLSON, JR., APPELLEE, V. H. R. WIVELL ET AL., APPELLANTS.
152 N. W. 2d 98

Filed June 23, 1967.    No. 36518.

Maupin, Dent, Kay, Satterfield & Gatz, Donald E. Girard, and John W. Sjostrom, for appellants.

Murphy, Pederson & Piccolo and M. T. Woods, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a habeas corpus action in which a father sought custody of his two minor daughters from the maternal grandparents. The district court found for the father, and the respondent grandparents have appealed.

The applicant, Henry Carlson, Jr., and Emma Lou Wivell, the mother of the children here involved, were married in 1949. Christie Ann Carlson and Linda Lou Carlson were respectively 16 and 14½ years of age at the time of hearing in August 1966. The parents were divorced on June 14, 1956, in Sioux Falls, South Dakota, where they had been residing, and custody of the children was granted to Emma Lou Carlson, the mother. Property allocation and financial arrangements involving trust funds and property were incorporated in the decree. Additional trust funds have also been established for each of the children for future use.

Shortly after the entry of the divorce decree, the mother and children moved to North Platte, Nebraska. They lived in the home of the respondents, the children's maternal grandparents, Herbert R. and Emma Wivell, until October 1959, when the mother and children moved to Lincoln, Nebraska. Thereafter the girls did not live with their grandparents during their mother's lifetime, except for a few weeks in 1960. The mother married George Wilcox in December 1959, and Mr. and Mrs. Wilcox and the children lived in Lincoln until the summer of 1960 when they moved to North Platte. Mr. and Mrs. Wilcox were divorced in 1963.

The mother and children continued to live in their own home in North Platte until the death of the mother on

April 2, 1966, although the children visited frequently in the grandparents' home. The two children then lived with their grandparents until the decree was entered in this action.

Meanwhile, the applicant, Henry Carlson, Jr., on December 22, 1957, married Eleanor Daunis, his present wife. They have two children, aged 7 and 5. They have lived in or near Sioux Falls, South Dakota, since their marriage and presently live just outside that city near Brandon, South Dakota. The applicant visited the children in North Platte several times a year following the divorce. On two occasions he obtained modification of the custody provisions of the divorce decree to permit the children to visit in South Dakota. On December 9, 1960, the decree was modified to give the applicant temporary custody of the children for a period of 3 weeks commencing on the 1st day of August of each year thereafter, and permitting visits for half of the Christmas vacation each year in South Dakota if the children so desired. Thereafter, the girls spent 3 weeks in the summer and a portion of their Christmas vacation in Sioux Falls with the applicant. In the summer of 1965, Linda, the younger, stayed for 5 weeks in Sioux Falls, and Christie, the elder, stayed for 9 weeks. The girls also came to Sioux Falls for Christmas for 6 days.

It is quite apparent from the evidence that both of the children have love and affection for their father and for their grandparents. The girls expressed the desire to remain in North Platte with their grandparents. There are substantial intimations in the record that their attitude toward the father may have been altered, following the death of their mother, by reason of their grandparents' disclosure to them of the grandparents' version of their father's conduct at a period largely antedating the original divorce.

The applicant was the active president of his construction company and was 41 years of age at the time of the hearing. The present Mrs. Carlson was 42 years of

age. Mr. Wivell was retired or semiretired, and was almost 68 years of age. Mrs. Wivell was 70 years of age at the time of hearing. The evidence fully supports the district court's finding that both the applicant and the respondents were fit persons to have the custody of the children.

The district court also found that the applicant had not in any way forfeited the right to perform the duties imposed by the relationship of father, had not abandoned the children, and was not indifferent to their welfare. The court ordered the custody of the children placed in the applicant, Henry Carlson, Jr., subject to reasonable rights of visitation of respondents, and this appeal followed.

Where the custody of a minor child is involved in a habeas corpus action, the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of a fit, proper, and suitable parent. Raymond v. Cotner, 175 Neb. 158, 120 N. W. 2d 892.

The right of a parent to the custody of minor children is not to be lightly set aside. Osterholt v. Osterholt, 173 Neb. 683, 114 N. W. 2d 734.

A decree of divorce which awards the custody of a minor child to the mother and in which there is no finding of unfitness of the father does not deprive the father of the natural right of custody of his child except as against the mother. In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885.

Courts may not properly deprive a parent of custody of his minor child unless it is affirmatively shown that such parent is unfit to perform the duties imposed by the relationship or has forfeited that right. Ball v. Ball, 180 Neb. 145, 141 N. W. 2d 449.

It is quite apparent here that the children would be well cared for by both of the parties. The respondent grandparents urge that the wish of the children to remain in North Platte should be of paramount import-

ance and sufficient to overcome all other considerations, including the superior rights of a fit, proper, and suitable parent. We cannot agree.

It is only natural that children, particularly of the age of these, would not ordinarily wish to leave the community in which they have spent the greater portion of their lives. In a custody contest between parents, the wishes of a child, who has reached sufficient age and has the ability to express an intelligent preference, are entitled to consideration, but are not controlling. Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445. In a custody contest between a parent and a third person, that rule has even less application. The wish or preference of a child does not in itself outweigh the rights of a parent, nor justify the transfer of custody from a fit, proper, and suitable parent to a third person.

The findings and order of the district court in these proceedings are fully supported by the evidence. The judgment is, therefore, affirmed.

AFFIRMED.