Max John Sanny, appellee, v. Leslie Jane Sanny, appellant.

152 N.W. 2d 27

Filed June 30, 1967.   No. 36473.

Kutak, Rock & Campbell and James F. Kasher, for appellant.

Schrempp, Rosenthal, McLane & Bruckner, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

McCown, J.

This is an appeal from an order of the district court

(1)

changing the custody of minor children from the appellant to the Omaha Home for Boys.

A rather full factual background is important here. The appellant, Leslie Jane Sanny and the appellee, Max John Sanny, the parents, separated in 1960. The appellee filed petition for divorce in April 1963, and a decree of divorce from bed and board on appellant's cross-petition was entered in July 1964. The appellant was awarded custody of the children, Robert and James, who were respectively 11 and 9 years old in July 1964, and 13 and 11½ years old at the hearings in 1966. Appellant also obtained judgment for permanent alimony in periodic payments, child support, and real and personal property.

The appellant placed the boys in Reverend Mick's Bible Camp in June 1964, where they remained for the summer, and, on August 31, 1964, she placed the boys in the Omaha Home for Boys. December 22, 1964, the appellee filed an application for change of custody of the boys from the appellant to the appellee, and on February 3, 1965, the court entered an order placing temporary possession of the boys in the Omaha Home for Boys, and directing payment of child support of $90 per month for each boy directly to the Omaha Home for Boys. They remained at the Omaha Home for Boys until June 11, 1965. On June 8, 1965, the appellant made an oral application showing that the school which they attended while they were at the Omaha Home for Boys would terminate June 11. The court entered an order terminating the temporary possession of the Omaha Home for Boys and placing possession and custody of the boys again with the appellant, and directed payments of $100 per month for each boy. The appellant again placed Robert in Reverend Mick's Bible Camp for the summer. On January 3, 1966, the appellant filed an application reciting that the older boy, Robert John Sanny, was emotionally disturbed, and in need of psychiatric treatment and prayed for modification of the original

decree to provide additional sums for the maintenance and support of Robert John Sanny. On April 11, 1966, the court denied appellant's application for increase in allowances. The court, on its own motion, then set a date for hearing and directed appellant to show cause why the decree should not be revised or altered insofar as it concerned the custody, care, and maintenance of the minor children, and directed that the children be produced at the hearing.

The evidence shows that appellant began having difficulties with the boys sometime in 1961. For a period prior to the hearings, Robert has been abusive to the appellant, beats up on her physically, chokes her, spits on her, and calls her obscenities. She first consulted a psychiatrist at Offutt Air Force Base in late August 1965. He referred them to the Meyer Therapy Center for Children on September 3, 1965, for testing and psychological evaluation. The psychiatrist found Robert to be emotionally disturbed and suffering from an adjustment reaction of childhood or adolescence, not a severe disturbance, but not considered normal. It was also the opinion of both the psychiatrist and the Meyer Therapy Center for Children that the appellant was unstable and had been inadequate in her dealings with the boys. The appellant was referred to a private psychiatrist, but she had no professional consultations with him. Her reason was that she did not have the money available.

While the boys were at the Omaha Home for Boys during the school year of 1964-65, they were both on the honor roll at their schools. During the 1965-66 year, during which the boys were in the appellant's home, Robert received all 4's and 5's and James was doing worse than while he was at the Omaha Home for Boys.

Mr. and Mrs. Hooten were houseparents of the boys at the Omaha Home for Boys. Mr. Hooten's testimony was that after 2 or 3 months, they got straightened out and got to be good boys. Mrs. Hooten testified that,

while she had no trouble with James, she had always had trouble with Robert, and that he was a problem when she was attempting to control him by herself. The two boys indicated their preference to remain with their mother.

On July 15, 1966, following hearing and after having taken the matter under advisement, the court found that it would be for the best interests of the children that the decree be modified in regard to possession, care, and custody of the children; that neither the appellant nor the appellee is personally unfit to have the possession, care, or custody of the children; but that appellee is either not fit or unwilling because of the nature of his duties and employment with the United States Air Force; and that appellant is not fit in that she is incompetent or inadequate to properly supervise and control the minor children. The court also found that neither boy is now a delinquent, but that if left in their present environment, it can be said with reasonable certainty that they will each become delinquent. It also found that the best interests of the boys would be served by keeping them together, and no reason appears why the Omaha Home for Boys would not be suitable.

The court then ordered appellant's custody of the children terminated as of August 1, 1966, ordered the decree modified, removed the care, custody, and control of the children from the appellant, reserved the custody of the children in the court, and ordered that possession, care, and control of the children be delivered to the Omaha Home for Boys, with the appellee to pay $100 per month per child. This is the judgment from which appeal has been perfected.

In a divorce action, the custody of a minor child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents. Ball v. Ball, 180 Neb. 145, 141 N. W. 2d 449.

Ordinarily courts may not properly deprive a parent

of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation or has forfeited that right. Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445.

In the context of child custody disputes in a divorce case, unfitness of a parent is not restricted to moral unfitness nor to inability or failure to provide physical needs and requirements of the child. The overriding and primary concern is for the best interests of the child. Here the evidence indicates, and the court found, that the appellant was more interested in obtaining money from her husband than in getting help for her son and was using his misbehavior to gain increased financial settlement from her husband.

The evidence is that because of a lack of proper and sufficient discipline, the older child has been permitted to develop an emotional problem and to become abusive toward his mother beyond any reasonable limits, so that he now requires more care and supervision than the mother can render. While neither of the boys is now a delinquent, it can be said that, left in their present environment, they may each become delinquent. Although the appellant is not personally nor morally unfit to have the possession, care, and custody of these children, she is incompetent and inadequate to properly supervise and control them. The appellant's future ability to supply the boys' physical needs is extremely doubtful.

In the context of the multiple problems and conflicting interests involved, the best interests of the children remain paramount. Such circumstances require the finding that the appellant is unfit to perform the duties imposed by the relationship of parent and child.

The district court made extensive findings and entered a thorough and definitive order. The district court very competently balanced the conflicting interests involved, determined the issues, and premised the conclusion on the best interests of the children under the circumstances

confronted. The sound discretion of the court should not be disturbed.

For the reasons stated, the judgment of the district court was correct and is affirmed.

AFFIRMED.