WILMA LAURA MURDOCH, APPELLANT, V. JOHN
WILLIAM MURDOCH, APPELLEE.

264 N. W. 2d 183

Filed March 29, 1978. No. 41344.

Vince Kirby, for appellant.

William W. Griffin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This appeal arises from the dissolution of the marriage of the parties, the award of custody of four of the five children of the parties to the respondent husband, and the award of alimony to the petitioner wife. The wife appeals and makes the following assignments of error: (1) The court erred in awarding custody of the four children to the husband. (2) The award of alimony to the wife is insufficient. (3) The court erred in refusing to hear the testimony of two of the children whom the wife desired to call as witnesses. (4) The court erred in permitting the husband to testify as to conversations with third persons.

While this appeal was pending the husband filed motions in this court as follows: (1) To vacate the decree insofar as it required payment of alimony to the wife after October 10, 1977, on which date the wife had remarried; and (2) to limit the appeal to the issue of child custody and support because the wife had accepted the benefits of alimony payments and property given her under the decree.

The motions were heard and on December 15, 1977, we sustained motion No. (1). We now sustain motion No. (2) and we consider in this opinion only assignments of errors (1), (3), and (4).

Some background information is necessary. The parties were married on September 22, 1971, after a rather short acquaintance. The husband's first wife died in June of 1971. Three daughters were born to the earlier marriage and, at the time of trial, were 13, 11, and 9 years of age. The wife had previously been married four times. She is the mother of a daughter who, at the time of trial, was 17 years of age. About 6 months after the marriage each party adopted the children of the earlier marriages. One child, a daughter, was born to the marriage here dissolved.

Difficulties developed between the parties and in February of 1976 the husband moved from the family

residence to an apartment. All the children remained with the wife. The husband continued the support of the wife and the children just as he had previously done. The wife filed her petition for dissolution and trial commenced on October 29, 1976. After the wife had testified, the trial judge, in chambers in the presence of counsel for both parties, questioned the two oldest of the husband's natural daughters. They expressed a preference for living with their adoptive mother. The court then continued the trial to December 20, 1976, and entered an order giving temporary custody of the children, except the daughter of the wife's earlier marriage, to the husband. At that time the husband was given possession of the home until December 20th. Provision in that order was also made for the support of the wife and a guardian ad litem was appointed for the children.

Thereafter the trial continued on several different dates. As her final witnesses the wife called the two oldest natural daughters of the husband. The court declined to hear their testimony. The court entered a decree which awarded custody of the wife's daughter of an earlier marriage to her and made a provision for child support. The husband was given custody of the other children and the wife was given certain visitation rights. Both custody orders were made "subject to the continuing jurisdiction of the court."

We will not here recite the testimony of the parties and their witnesses as it relates to the issue of their respective fitness and the best interests of the children as we do not believe it would serve a useful purpose. Suffice it to say that the evidence was sharply conflicting in many respects and presented for the trial court the matter of determining credibility and of exercising its judgment as to what custody would suit the best interests of the children. Even without having observed the witnesses, we, on

the written record, arrive at the same conclusion as did the trial court.

The principal issue before us is whether the court erred in refusing to hear the testimony of the two daughters. Children of the parties to a marriage dissolution proceeding are not by that fact alone rendered incompetent as witnesses. Annotation, 2 A. L. R. 2d 1329. However, in some jurisdictions it is largely within the sound discretion of the trial court as to whether it will hear the testimony of the children. May v. May, 275 Cal. App. 2d 264, 79 Cal. Rptr. 622; Dings v. Dings (Fla. App.), 161 S. 2d 227; York v. York (Ky. App.), 280 S. W. 2d 553. A number of courts have held to the contrary, stating that it is reversible error not to receive such testimony if the child has reached the age of competence.

In the present posture of this case, the sole issue is what will serve the best interests of the children. As already noted, the trial court had questioned the two children in the presence of counsel for both parties and that unsworn testimony is in the record before us. Considering all the testimony in the record, we do not believe that additional testimony of the children would have in any way affected the trial court's determination of the credibility of the witnesses. On the other hand, requiring these young children to testify, in the presence of their parents, could not but have a traumatic and disrupting emotional effect upon these children and would have tended to harm, rather than help, the ultimate custodial arrangement and therefore the interests of the children. We find that the refusal to again hear the children was not reversible error.

The court, over objection of the attorney for the wife, permitted the husband to testify to two conversations with neighbors as to the fact of and the reason for the neighbors not permitting their children to come to the house of the parties "any more"; to statements made in his presence by a psychiatrist

to whom one of the daughters had been taken for treatment of an emotional problem; and to a conversation with this same daughter. Also, over objection, a witness was permitted to testify to a telephone conversation with this daughter during which the mother was "coaching" the daughter. In each instance the objection was that the conversations were hearsay.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 27-801 (3), R. R. S. 1943.

In the instance of the conversation with the neighbors, the statements of the neighbors, if offered to prove the truth of their stated reasons for not letting the children enter the home of the parties, were clearly hearsay. The ultimate fact that other children discontinued coming to the home was, of course, material if the necessary connecting foundation were laid. In this instance that depended upon the truth of the stated reasons. The objection should have been sustained. This is also true of the statement of the psychiatrist. We note, however, that in the case of the psychiatrist the declarant was later called as a witness.

The conversation between the daughter and her father, however, was not hearsay because the daughter's statements, expressions of affection, were relevant and material because of the fact that they were made irrespective of the truth of the content. The telephone conversation was also competent and not hearsay because not offered to prove that the content of the things said were true, but because of the fact that the conversation took place and that the mother was heard "coaching" the daughter. This was relevant and material as showing the ability of the mother to influence what the daughter said.

As to the hearsay conversations which were ad-

mitted, we must keep in mind that this was a trial to the court. We have frequently said that a presumption arises that the trial court, trying a case without a jury, in arriving at a decision, will consider such evidence only as it is competent and relevant and the Supreme Court will not reverse a case so tried because evidence was erroneously admitted where there is other material, competent, and relevant evidence admitted sufficient to sustain the trial court's judgment. Stecker v. Stecker, 197 Neb. 164, 247 N. W. 2d 622.

AFFIRMED.