I concur with the result, but I feel compelled to comment on the direction that the law of custody is taking. The cases indicate that a natural parent's prima facie right of custody does not apply in cases where there has been a prior decree removing custody from the parent. This concept has been applied not only in cases where the custody was awarded to a nonparent(see Ex parte McLendon, 455 So.2d 863 (Ala. 1984)), but also in cases where custody was awarded to the other parent (see Sasserv. Thompson, 457 So.2d 422 (Ala.Civ.App. 1984)).
This concept appears to have had its origin in Willette v.Bannister, 351 So.2d 605 (Ala.Civ.App. 1977). In that case, it was stated that any presumption favoring the natural parent is rebutted by a prior decree awarding custody. (In Willette v.Bannister, supra, the prior decree gave temporary custody to the grandmother.)
Then in Lewis v. Douglass, 440 So.2d 1073, 1075 (Ala.Civ.App. 1983), this court stated:
 "The strong presumption favoring the natural parent as custodian applies to an initial custody determination. . . . We find no authority for applying this presumption when a noncustodial parent is seeking modification of the prior custody decree."
The cases cited in support of this statement were cases in which custody had been awarded to nonparents and the natural parents were seeking to gain custody.
This language from Lewis v. Douglass, supra, was quoted inSasser v. Thompson, 457 So.2d 422, 424 (Ala.Civ.App. 1984), to support the following:
 "Consequently, the mother cannot properly rely upon a presumption that it is in the "best interest" of the child to place custody in a parent rather than grandparents. Actually, in this instance, only the father, if either parent, could properly rely upon such a presumption because the father, rather than the mother, was the custodial parent subsequent to the divorce. The father, as indicated, has not appealed."
Our supreme court dealt with the presumption that a natural parent has a prima facie right to custody of the child in Exparte McLendon, supra. The court found that the presumption does not apply when custody has been voluntarily forfeited or a prior decree has awarded custody to a nonparent.
The court also stated in Ex parte McLendon, supra, at 865:
 "The correct standard in this case is: `Where a parent has transferred to another [whether it be a non-parent or the other parent], the custody of h[er] infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless [s]he can show that a change of the *Page 628 
custody will materially promote h[er] child's welfare.' Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947), quoting the Supreme Court of Virginia, Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 628 (1898)."
I understand that Ex parte McLendon, supra, can be given the construction that a noncustodial parent loses his presumptive right of custody against (1) the custodial parent, (2) nonparents who have been awarded custody in a prior decree and (3) nonparents with whom the noncustodial parent has agreed to give custody of the child. But both Sasser v. Thompson, supra, and the instant case indicate that once custody is awarded to one parent, then the noncustodial parent has forever relinquished any presumptive right to custody and thereafter stands on the same footing with a nonparent. I feel that these cases give Ex parte McLendon, supra, too broad a construction.
McLendon could be given the construction that when a decree awards custody to one parent, without a finding that the noncustodial parent is unfit, then the noncustodial parent is not deprived of his prima facie right to custody, except as against that custodial parent. See Re Carlson, 181 Neb. 877,152 N.W.2d 98, 25 A.L.R.3d 1 (1967); Judd v. Van Horn, 195 Va. 988, 81 S.E.2d 432 (1954). See also 59 Am.Jur.2d Parent andChild § 44 (1971); Annot. 25 A.L.R.3d 7 (1969).
Because a parent's "right to `the companionship, care, custody, and management of his or her children' is an important interest that `undeniably warrants deference and, absent a powerful countervailing interest, protection,'" Lassiter v.Department of Social Services, 452 U.S. 18, 27, 101 S.Ct. 2153,2159, 68 L.Ed.2d 640 (1981), it is my considered opinion that the mere granting of custody of a child to a preferred parent or nonparent, because of agreement or because of best interest of the child, without unfitness of the parent denied custody, should not remove forever the primary right of the parent. It is evident that custody of children is most often granted as a matter of choice between equally qualified parents solely upon the best-interest-of-the-child criteria. Such a preferential selection should not remove the primary right of the unselected parent to custody of his or her child as against a third party. The primary right of a parent to custody of a child should not be so easily removed. I concur in the result in this case, because there was sufficient evidence to overcome the primary right to custody of the father in order to promote the best interest of the child.