STATE OF NEBRASKA, APPELLEE, V. DAVID LARKIN, APPELLANT.

383 N.W.2d 804

Filed March 28, 1986. No. 85-661.

James H. Truell of Ahlschwede, DeBacker & Truell, for appellant.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, David Larkin, appeals his conviction, following a jury trial, of felony criminal mischief. He assigns as error, among others, the trial court's receipt of certain evidence concerning the amount of pecuniary loss involved. Because that assignment is meritorious, we reverse the conviction and remand the cause for a new trial.

Neb. Rev. Stat. § 28-519 (Cum. Supp. 1984) states that one commits felony criminal mischief if he or she, among other things, intentionally or recklessly damages the property of another such as to cause a pecuniary loss in excess of $300.

The evidence is such that the jury could find that defendant slashed or otherwise damaged four tires of a vehicle owned by one against whom he held a grudge, and, further, set the vehicle on fire.

Defendant does not question that the evidence properly establishes the tire damage resulted in a pecuniary loss of $220.12. He does, however, challenge the trial court's evidentiary rulings concerning the amount of pecuniary loss caused by the fire.

The prosecutor asked the owner of the vehicle to identify a document evidencing her insurer's estimate of the cost of repairing that damage and then asked the owner what amount had been estimated. Defendant objected on the ground there was "insufficient foundation." The trial court overruled the objection and permitted the witness to answer that the amount of the estimate was $130.05. Thereafter, the owner was asked if the insurer was going to pay her the $130.05. She answered, without objection, that the insurer did not pay her directly but paid the person making the repairs. The insurer's repair estimate was then offered in evidence and received over defendant's second objection that sufficient foundation was lacking.

While defendant's first objection was not as precisely stated as might be desired, the question concerning the amount of the estimate was clearly objectionable. The owner was being asked to state what someone else said it should cost to repair the fire damage. She was therefore asked to testify about a declarant's out-of-court statement which was offered to prove the truth of the matter asserted, the cost of repair. As such, the question called for inadmissible hearsay testimony. Neb. Rev. Stat. §§ 27-801, 27-802 (Reissue 1979). See *Jorgensen v. Jorgensen*, 194 Neb. 271, 231 N.W.2d 360 (1975). Notwithstanding its imprecision, it was clear from the context of the objection that defendant was challenging the propriety of allowing the owner

to testify not about what she personally knew as to the cost of repairing the fire damage but what her insurer told her in that regard. The trial court therefore erred in overruling that objection and receiving her testimony. Neb. Rev. Stat. § 25-1141 (Reissue 1979) provides that where an objection has been overruled, it is unnecessary to object to further testimony of the same nature by the same witness. Thus, it was unnecessary that defendant object again when the owner was asked to state whether the insurer was going to pay her the $130.05. Just as the trial court erred in overruling defendant's first objection, it erred in overruling defendant's second objection and admitting the hearsay estimate document itself into evidence.

As noted earlier, in order to prove felony criminal mischief there must be proof of a pecuniary loss in excess of $300. The only competent evidence is that the pecuniary loss resulting from defendant's misconduct is $220.12, as a matter of law not enough to support the conviction. As a consequence, the conviction must be, and hereby is, reversed.

This resolution makes unnecessary a consideration of defendant's other assignments of error. The cause is therefore remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

WHITE, J., participating on briefs.