DENNIS JOSEPH BERAN, APPELLEE, V. SUSAN LORRAINE BERAN,
APPELLANT.
450 N.W.2d 688

Filed January 26, 1990.   No. 89-398.

Sam Grimminger for appellant.

William A. Francis, of Cunningham, Blackburn, Livingston, Francis, Brock & Cunningham, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

In this appeal from the judgment of the district court for Hall County in a proceeding to dissolve the marriage of Dennis Joseph Beran and Susan Lorraine Beran, the only issue concerns child custody. Respondent-appellant, Susan Beran, contends that the trial court abused its discretion in failing to award custody of the parties' youngest child, Christina Beran, to appellant, and further claims that the district court erred in failing to (1) give greater weight and consideration to the opinion of the guardian ad litem, (2) allow minor child Jennifer Beran to testify as a witness on behalf of appellant for the limited purposes stated, (3) ask questions of minor child Christina during the in camera hearing calculated to ascertain

the best interests of the child with regard to custody, and (4) reschedule an in camera hearing at appellant's request for the purpose of eliciting information for the court to know which would have been in the best interests of the children.

The record indicates that the parties were married June 27, 1970, in Grand Island, Nebraska. They had three children: Jennifer, born August 21, 1973; Heather, born August 5, 1975; and Christina, born November 4, 1981. Initially, Dennis Beran provided for the family through his work as a barber, while Susan Beran took care of the children and the household and did some bookkeeping at home, mainly for Dennis' barbershop.

In November 1987, Susan began working full time for Metropolitan Life Insurance in Grand Island as a sales representative. Some of Susan's duties consisted of making presentations of policies to new customers and calling on current clients. The job required Susan to make late afternoon and evening appointments in order to meet with prospective customers. Metropolitan requires its sales representatives to meet certain sales quotas to avoid termination of employment.

Susan's employment, therefore, necessitated changes in the Beran household. Dennis took a more active role in caring for the children and the home and in matters such as meal preparation, cleaning, shopping, etc., while Susan juggled similar household chores and routines with the new demands of her job.

Factors incident to Susan's employment eventually appeared to put a great strain on the Berans' relationship. Dennis filed a petition for dissolution of marriage on September 19, 1988. He claimed that Susan had abandoned him and the family and that her job and a relationship with a male coworker had taken priority over her family.

The parties stipulated to a property settlement agreement, and the only issue in the divorce proceedings went to custody of the children. After hearing the evidence, the district court ordered that Susan have custody of Jennifer and that Dennis have custody of Heather and Christina. Susan appeals only from the court's awarding custody of Christina to Dennis.

## STANDARD OF REVIEW

In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of facts rather than another. *Ritter v. Ritter, ante* p. 203, 450 N.W.2d 204 (1990); *Huffman v. Huffman,* 232 Neb. 742, 441 N.W.2d 899 (1989).

However, in *Parker v. Parker, ante* p. 167, 449 N.W.2d 553 (1989), we noted that appropriate findings by the trial court, supported by the record, are helpful in establishing a firm and logical basis for the ultimate decision of a case in this court. If findings are not made, this court can make little application of our general rule that in our de novo review, we consider, and may give weight to, the fact that the trial court saw and heard the witnesses.

The only finding made by the court below regarding the children is that split custody is in their best interests. This is supported by the record regarding Jennifer and Heather, but there is no finding as to why custody in petitioner is in Christina's best interests.

## GUARDIAN AD LITEM

Appellant's first assignment of error is that the district court failed to give greater weight and consideration to the opinion of the guardian ad litem.

In *Jorgensen v. Jorgensen,* 194 Neb. 271, 231 N.W.2d 360 (1975), this court reversed the judgment of the district court, which based its adjudication on a written report by the guardian ad litem. In citing *Dier v. Dier,* 141 Neb. 685, 4 N.W.2d 731 (1942), we said: "Not only did this court hold that ex parte statements are too unreliable to be considered in the investigation of controverted facts but also that due process requires that witnesses be subject to the right of cross-examination by the parties to the proceeding." 194 Neb.

at 276, 231 N.W.2d at 363.

In the case at bar, the guardian ad litem did in fact take the stand as a witness and was subject to cross-examination. In such case, the district court is not required to give this testimony any more or any less weight than the testimony of other witnesses. We refer to our standard of review set out above that the trial judge hears and observes the witnesses and accepts one version of the facts rather than another. See *Clark v. Clark*, 220 Neb. 771, 371 N.W.2d 749 (1985). Therefore, appellant's first assignment of error is without merit.

## TESTIMONY OF JENNIFER

Appellant next claims that the district court erred in failing to allow Jennifer Beran to testify as a witness on behalf of appellant for the limited purposes stated. The attorney for appellant made an offer of proof that Jennifer would testify from her personal knowledge of Susan Beran's conduct while at home regarding homemaking duties and things that she did for the family.

Children of the parties to a marriage dissolution proceeding are not by that fact alone rendered incompetent as witnesses, but whether it is reversible error to refuse to hear their testimony depends upon the circumstances of the case. *Murdoch v. Murdoch*, 200 Neb. 429, 264 N.W.2d 183 (1978). In *Murdoch*, this court noted that the trial court had questioned two of the children concerning their custody preferences in the presence of counsel for both parties and that, considering all the testimony in the record, additional testimony of the children would not in any way have affected the trial court's determination of the credibility of the witnesses.

In the circumstances of the present case, Jennifer was not being called to testify regarding her custodial preference, to which she did have a strong opinion and which was already apparent, but to corroborate her mother's testimony that she (Susan) took care of the family and household duties as best she could when she was home. Dennis claimed that Susan did very little to care for the family and summoned many witnesses, friends and neighbors, who implied that Susan was no longer taking care of the family or that her family was no longer a

priority to her. On the other hand, Susan, to corroborate her testimony, presented only Jennifer, who lived in the house and could have observed firsthand whether her mother was taking care of the family when she could. This evidence could show stability, attitude, care, and environment provided by Susan, which are all factors in determining the best interests of the child for custody purposes.

Although courts are rightly wary of placing minor children of a divorce proceeding in the traumatic position of testifying, Jennifer nonetheless should have been allowed to testify. She was 15 years old at the time of trial, and it appears from the record that she had a clear understanding of the situation. The guardian ad litem's opinion, based on the recommendations of a Dr. Meidlinger, who was counseling the family, that Jennifer should not testify is a very broad recommendation. There is no further statement as to how she might be affected by testifying. The slight trauma or detriment, if any, to this young lady testifying in such a limited scope must be outweighed by the potential probative value of her testimony.

We therefore find that the district court erred in not allowing Jennifer Beran to testify for the limited purposes stated.

## IN CAMERA HEARING

In the case at bar, the guardian ad litem was of the opinion, and recommended, that it would be in Christina's best interests that she not be placed in a position of making a choice between her parents. In light of this recommendation, the trial judge wisely exercised his discretion in his interview with the three girls when he asked, "Christina, do you have anything you want to say to me?" to which Christina replied, "No." Very shortly thereafter, the following exchange was had: "THE COURT: Okay. And I know you don't want to say anything. Is that right, Christina? MISS CHRISTINA BERAN: Yes. THE COURT: Huh? MISS CHRISTINA BERAN: I don't want to say anything."

Regarding the in camera interviewing of children, we stated in *Krohn v. Krohn*, 217 Neb. 158, 163, 347 N.W.2d 869, 873 (1984):

> Given our de novo review, such a practice is of

questionable value unless an adequate record is made. Moreover, the young and impressionable age of the children [ages 8 and 5] would entitle any expression as to their preferred living arrangements to little, if any, weight. In the final analysis, no court can abdicate its obligation to determine what it deems to be in the best interests of the children, based upon the totality of the circumstances. Neb. Rev. Stat. § 42-364(1)(b) (Cum. Supp. 1982); *Dennis v. Smith, ante* p. 147, 347 N.W.2d 873 (1984).

Therefore, we determine that the trial court's conduct in the in camera interview was not an abuse of discretion and that consequently there is no merit to appellant's third and fourth assignments of error.

## CUSTODY ISSUE

When custody of a minor child is involved in a proceeding to dissolve a marriage, child custody is determined by a fit parent's right to have custody of the child and the child's best interests. *Ritter v. Ritter, ante* p. 203, 450 N.W.2d 204 (1990); *Ensrud v. Ensrud,* 230 Neb. 720, 433 N.W.2d 192 (1988).

The trial court found that Dennis and Susan are both fit parents. We agree. Therefore, the best interests of the minor child Christina must determine the outcome of this case.

"In determining a child's best interests in custody matters, a court may consider factors such as general considerations of moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension regardless of chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child."

*Ritter v. Ritter, supra* at 211-12, 450 N.W.2d at 211; *Christen v. Christen,* 228 Neb. 268, 422 N.W.2d 92 (1988). See, also, *Gerber v. Gerber,* 225 Neb. 611, 407 N.W.2d 497 (1987); *Grace v. Grace,* 221 Neb. 695, 380 N.W.2d 280 (1986).

Applying the foregoing factors to this case, both parents appear to be able to offer stable, safe, and caring environments for their children. Both parents have jobs that permit them some flexibility in caring for the children: Dennis owns a barbershop, and Susan is an office manager for a financial services company. Each parent has the capacity to satisfy the children's needs. Christina seems to have a good relationship with both of her parents.

Although the guardian ad litem testified that, in his presence, Christina said, "I want my mother to have custody of me," there is no evidence of Christina's comprehension of the situation, or even that she understood what those words meant. Further, there is no showing that this preference for custody is based on sound reasons. The only apparent reason for this in the record may be that the guardian ad litem said that Christina misses her mother. Christina's preferential desire can therefore be of little probative value toward determining her best interests in this matter.

There is evidence bearing on another factor of determination—the effect on the child as the result of continuing or disrupting an existing relationship. Testimony from the guardian ad litem and from Susan Beran indicates that Christina has a special relationship with her sister Jennifer. Jennifer would help care for and nurture Christina on a daily basis. Susan testified that Christina loves Jennifer dearly and that Jennifer adores Christina. The guardian ad litem testified that it would be in Christina's best interests that this relationship continue.

From the evidence in the record, it appears that Christina's general health, welfare, and social behavior would be well cared for by either parent and that this decision is, as the guardian ad litem put it, "a difficult call."

However, the decision must be made as to what is in Christina's best interests in light of the evidence adduced. Although nearly all factors of this determination are essentially

in balance, the competent evidence weighs in favor of awarding custody of Christina to her mother. That the close relationship between Christina and Jennifer should continue is a strong factor in making this determination. See *Ritter v. Ritter, supra*.

We therefore find that the district court abused its discretion in granting custody of Christina to Dennis Beran. Consequently, we reverse the district court's judgment concerning custody of Christina Beran and, on remand, the district court shall enter its order granting custody of Christina Beran to Susan Beran and, pursuant to paragraph 10 of the parties' property settlement agreement, order a date on which child support shall commence.

REVERSED AND REMANDED WITH DIRECTIONS.