JONI APPLEGATE, APPELLANT, V. BRADLEY APPLEGATE, APPELLEE.
461 N.W.2d 419

Filed October 19, 1990.   No. 89-1444.

Rae Ann Schmitz, of Western Nebraska Legal Services, for appellant.

Paul W. Snyder, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellee.

H. Joan Pennington and Laurie Woods for amicus curiae National Center on Women and Family Law.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from the decree of the district court dated November 3, 1989, which awarded custody of the three minor children of the parties to the appellee father.

Appellant mother argues for a rule which would always award the children to the primary caretaker and complains that the trial court failed to recognize child and wife abuse and that the decree of the trial court was affected by gender bias.

At the outset we reject adoption of the primary caretaker rule as a per se rule. This factor is simply one of several considerations outlined in Neb. Rev. Stat. § 42-364 (Reissue 1988), i.e., "The relationship of the children to each parent prior to the commencement of the action or any subsequent hearing."

By the appellant's own testimony we find no evidence of wife abuse. As to child abuse, both parents sometimes overreacted physically to the frustrating behavior of two of their three children who are affected with attention deficit disorder. It is a matter that both parents must be and are working on through support groups, self-education, or both.

Finally, although some of the witnesses who testified might have evidenced traces of gender bias, the important

consideration is whether any gender bias manifested itself in the conduct and decision of the trial court. It did not.

When the custody of minor children is involved in a dissolution proceeding, the custody is determined by the fitness of each parent and the best interests of the children. *Beran v. Beran*, 234 Neb. 296, 450 N.W.2d 688 (1990). We review the judgment of the trial court de novo on the record and, finding no abuse of discretion, the judgment is affirmed. *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990).

No attorney fees are awarded.

AFFIRMED.