This is a child custody case.
The parties were divorced May 21, 1980, on the ground of adultery committed by the mother. The decree granted custody of the three children born of the marriage, ages four, three and two years, to the father and allowed liberal visitation privileges to the mother. The mother appeals the award of custody to the father. We affirm.
The mother first contends that the trial court erred to reversal in refusing two witnesses their constitutional rights against self-incrimination when asked about adulterous activities between the mother and themselves. We think that the evidence received in this fashion was not illegal as to the mother. The privilege claimed is personal to the witness testifying and cannot be claimed for him by a party to the suit. Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040 (1907). Furthermore, other evidence presented, including the mother's admission of adultery coupled with corroborating testimony voluntarily given by one co-adulterer, was sufficient, standing alone, to support the finding of her guilt. Anonymous v.Anonymous, 353 So.2d 510, rev'd on other grounds, 353 So.2d 515
(Ala. 1977). We find no prejudicial error in regard to the issue of privilege.
The remaining issue is whether the trial court abused its discretion in awarding custody of the children to the father. We will not reverse the trial court's determination as to which party should be granted custody of children except for palpable abuse of discretion. 8 Ala.Dig., Divorce, Key No. 312.6 (5).
The prevailing consideration in determining the custody of minor children is the best interest and welfare of the children. Higgins v. Higgins, 336 So.2d 194 (Ala.Civ.App. 1976). The mother's attack on the award of custody to the father is anchored on the premises that the father had never had to care for children before, that there was no evidence of her unfitness other than her adulterous conduct, and that the tender age of the children should weigh greatly in her favor.
We know not the specific reasons which prevailed upon the learned judge in awarding custody to the father. Nor do we need to be aware of those reasons. We do know that the mother's adultery is a circumstance which may be considered in determining the children's best interest. Anonymous v.Anonymous, supra. We also know that the weight to be given to the age and sex of children is for the discretion of the trial court and that the "tender years doctrine" is not a compelling presumption on the court. Jenkins v. Jenkins, 376 So.2d 1099
(Ala.Civ.App. 1979).
The mother freely admitted having sexual relations with at least six casual acquaintances in the six months prior to the decree. The admitted instances during that six-month period where the mother stayed out dancing and carousing all or most of the night with men other than her husband are too numerous to recount. Many times she simply left the home on supposed errands or to visit friends and failed to return until the next morning. She stated, after remonstrances by her husband and sister, that she wanted to be free. The husband was left to care for the children on most of these occasions. His family lives next door and his mother assisted with the children. She will assist him in caring for them in the future. The award of custody to the father was not an abuse of discretion. The mother may rehabilitate and earn reconsideration of custody in the future. The motion of appellee *Page 122 
for sanction for a frivolous appeal pursuant to Rule 38, ARAP, is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.