This is a child custody case
Travis Stacks is a male child born in 1976. He has been in the care of his paternal grandmother much of his life. Travis' mother is a resident of Houston, Texas, and divorced from his father. The location of the father is unknown to either party Travis was brought to the home of his grandmother by his mother in 1978. The mother was working late hours and Travis was unhappy being left with a sitter. He has remained with his grandmother since 1978. Neither parent has contributed to the child's support during the time with the grandmother except by gifts from the mother at Christmas and on birthdays. Travis has an older sister who is in the custody of the mother and supported by her. The mother is of Japanese descent but she has acquired American citizenship. She is employed as a cocktail waitress and has a substantial income. The grandmother has only a small social security benefit
This matter began with the filing by the grandmother of a petition of dependency in the Juvenile Court of Calhoun County The reason for such filing is not quite clear as there had been no dispute between the parties concerning the child and no request for support made to the mother. There had been regular contact between mother and child by telephone and even visitation by the mother and sister. In any event, the matter proceeded to a contested hearing for custody in the circuit court
After extended oral hearing on two occasions, the court entered its final judgment on April 24, 1981. The court found, (1) that the child had been with his grandmother for a substantial part of his life without benefit of support from the mother; (2) that the best interest of the child would be served by eventual custody of the mother, but temporary custody should remain with the grandmother until July 5, 1982; (3) that extended visitation during the summer and Christmas holidays in 1981 be given to the mother upon providing bond for his return; (4) that the mother pay to the grandmother $50 per week as support for the child; (5) that upon custody being restored to the mother, the grandmother have visitation rights as given to the mother
The mother appeals
The first issue presented charges that § 12-15-1 (10)a is unconstitutional for vagueness. The constitutionality of the statute was not presented to the trial court but appears first in appellant's brief. It came too late. Hunley v. HoustonCounty, Alabama Department of Pensions and Security,365 So.2d 81, 84 (Ala.Civ.App. 1978)
Other issues presented may be combined into one, i.e., whether the court abused its discretion in delaying transfer of permanent custody until July of 1982
Whether disposition of custody of a child be presented to the court after a finding of dependency under the. Juvenile *Page 981 
Code or by petition for habeas corpus or otherwise, the primary and first concern of the court is the best interest of the child. Gandy v. Gandy, 370 So.2d 1016 (Ala.Civ.App.), certdenied, 370 So.2d 1019 (Ala. 1979). The determination of that best interest is an exercise of judicial discretion based upon the evidence. Taylor v. Taylor, 287 So.2d 849 (Ala.Civ.App 1980). Absent a clear abuse of that discretion the reviewing court will not disturb the judgment of the trial court. Alfordv. Alford, 368 So.2d 295 (Ala.Civ.App. 1979). The court below stated custody in the mother was delayed for Travis to become re-acquainted with her through visitation and to prevent the trauma to him of an abrupt removal from his grandmother. We find such reason to be a valid one calculated to serve the best interest of Travis. According to the undisputed testimony, the mother could have obtained custody of Travis at any time since she left him with the grandmother in 1978 until he was brought before the court. She did not seek his custody nor contribute one cent to his support for nearly three years. We affirm the sound judgment of the trial court
AFFIRMED
BRADLEY and HOLMES, JJ., concur