This is a child custody case. *Page 1376 
The parties were married on July 11, 1980. A son was born on March 2, 1981. The father worked and responsibility for the care of the child was primarily that of the mother. The adequacy of that care is disputed.
The parents separated in November 1981. The mother had custody of the child during the separation with the father having weekend visits. The father filed for divorce on January 6, 1982. On January 8, during a weekend visit he admitted the child to the hospital. The evidence indicates the child was suffering from bronchial pneumonia. The father informed the mother of the hospitalization. The child was hospitalized for ten days, during which the father or his mother (the paternal grandmother) was constantly present; the child's mother visited sparingly. She indicates the father's attitude toward her made her visits unpleasant.
On January 15, 1982, the court entered an order granting temporary custody of the child to the mother. He was discharged from the hospital into the mother's custody on January 18. On January 20 the court, ex parte, set aside the earlier order and awarded temporary custody to the father. He immediately took custody of the child.
A final hearing on the merits was conducted on February 12, but no order was entered. On February 26 the mother filed a motion requesting the judge to recuse himself. The motion was granted. The parties agreed to submit the case to the newly assigned judge on the transcript of the testimony taken at the earlier hearings and all exhibits, without further testimony.
On July 12, 1982, the court entered a final decree granting the divorce and awarding the care, custody and control of the minor child to the father. The mother was granted weekly visitation from Monday at 9:00 A.M. until Wednesday at 9:00 A.M. The mother appeals.
She contends that the trial court abused its discretion (1) in awarding custody of the child to the father, and (2) in granting her visitation rights on weekdays when that may conflict with her work. Because the evidence was not taken orally before the trial court, there is no presumption of correctness as to the findings of fact, and it is our duty to sit in judgment on the evidence. Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115 (1950). Where the evidence is taken orally upon original submission but the decree was rendered by a judge who did not hear the testimony, the ore tenus rule does not apply. McCulloch v. Roberts, 292 Ala. 451, 296 So.2d 163
(1974).
In Devine v. Devine, 398 So.2d 686 (Ala. 1981), the court set out several very important considerations in awarding custody of minor children:
 "The sex and age of the children are indeed very important considerations; however, the court must go beyond these to consider the characteristics and needs of each child, including their emotional, social, moral, material and educational needs; the respective home environments offered by the parties; the characteristics of those seeking custody, including age, character, stability, mental and physical health; the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children; the interpersonal relationship between each child and each parent; . . . the effect on the child of disrupting or continuing an existing custodial status; . . . available alternatives; and any other relevant matter the evidence may disclose."
398 So.2d at 696-697. The focus of all considerations is the best interest and welfare of the child. Lowery v. Lowery,391 So.2d 120 (Ala.Civ.App. 1980).
There is evidence, although contradictory, that the mother had not properly cared for the child. He was reportedly seen with unclean diapers and repeatedly developed rashes which required a doctor's care. The evidence is uncontroverted that the child received proper care while in the custody of the father.
The mother offers the child a home with a roommate who has admittedly used drugs *Page 1377 
and who has no familial responsibilities of her own. The father offers the child a home with his grandmother who has testified to and demonstrated a willingness to help care for the child. No outside babysitter will be required.
Although neither parent has been shown to be unfit, the trial court determined that primary custody in the father will serve the best interest of the child. He has now had such custody for nearly one year. There is insufficient evidence to indicate an abuse of the discretion permitted the trial court in awarding custody of a minor child. Dasinger v. Dasinger, 369 So.2d 813
(Ala.Civ.App. 1979). We therefore affirm the award of custody of the child to the father.
The complaint of the mother as to the impropriety of her visitation rights given in the judgment must also be viewed as a matter within the discretion of the court. The trial court is in a much better position to determine proper visitation than this court. We will not disturb its exercise of discretion in this case.
We affirm on all issues presented.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.