The appeal is from a child custody decree.
The parties to this proceeding were divorced on January 7, 1983 by the Circuit Court of Marshall County, Alabama. The divorce decree incorporated an agreement of the parties. The agreement specifically requested that the custody of the parties' minor child not be addressed by the trial court in its decree. The trial court did not provide for child custody in the decree.
On April 26, 1983 the mother filed a motion for relief from the final decree and a petition for modification of the final decree. The requested relief in both the motion and the petition was for custody and support of the child.
After an ore tenus hearing, the trial court awarded custody of the male child to the father and gave the mother specific visitation rights. The mother appeals.
The paramount consideration for a court in a child custody case is the best interests and welfare of the child. Lowery v.Lowery, 391 So.2d 120 (Ala.Civ.App. 1980). And a trial court's decision to award the custody of a child to one of its natural parents will not be overturned except when the trial court abuses its discretion in making such an award. Lowery v.Lowery, supra. Likewise, a trial court has broad discretion in the award of visitation rights to a noncustodial parent and the exercise of such discretion will not be reversed except for abuse of that discretion. Brothers v. Vickers, 406 So.2d 955
(Ala.Civ.App. 1981).
The pertinent facts reveal that the parties to this proceeding were married for about twenty years. They had one child, a boy, now ten years old.
The evidence showed that the wife had been employed outside the home during most of the marriage. She had an affair *Page 1111 
with a man that lasted for several years. The wife also attempted suicide.
There is ample evidence that the father loves his son, is solicitous of his needs, both physical and emotional, and has been the parent who has most often satisfied those needs. The wife was away from the home more often than the husband, and this was one of the reasons for the breakup of the marriage.
The child loves both parents and has a good relationship with both of them. He is doing well in school and is happy living with his father and stepmother.
The trial court heard the testimony and saw the witnesses testify; we cannot say that its decree awarding custody to the father is an abuse of discretion. Neither is the visitation award made to the wife an abuse of the trial court's discretion. To hold otherwise would be for this court to substitute its judgment for that of the trial court; this we are not permitted to do. Allen v. Allen, 385 So.2d 1323
(Ala.Civ.App. 1980).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.