This is a child custody case.
In November 1980 Michelle Rhodes, a minor, became subject to the supervision and care of the Juvenile Court of Pike County, Alabama allegedly due to sexual mistreatment by her father. On August 3, 1981 Michelle was adjudged a dependent child and placed in the temporary legal custody of the Pike County Department of Pensions and Security.
In August 1983 the Pike County DPS petitioned the court for a hearing so that the court could decide what to do with Michelle. DPS suggested that it be allowed to retain temporary legal custody of Michelle and that the court make such other orders as would be in her best interests.
A guardian ad litem was appointed for Michelle and the parents were notified of the impending proceedings.
A hearing was held at which Michelle was present with her guardian ad litem and testified, and Michelle's mother appeared and testified. The DPS caseworker who had handled Michelle's case for two years also appeared and testified.
After the hearing the trial court decided that Michelle's disposition would remain unchanged and that a review of that disposition would be conducted in nine months. Michelle appeals.
Michelle argues that the petition filed by DPS to review her case disposition did not comply with the proper statutory requirements for extending custody and therefore she was denied adequate notice of what she would be called on to defend against. Michelle also says that DPS failed to prove by clear and convincing evidence that custody in DPS should be extended.
In reply to Michelle's first contention, DPS argues that no objection was made to *Page 881 
the petition for further disposition of Michelle in the trial court. DPS also says that everyone interested in the present proceedings was given notice not only of the hearing date but also of the issues to be tried.
In Lawson v. Garrett, 286 Ala. 125, 237 So.2d 648 (1970), the supreme court said:
 "In the absence of a specific objection, bringing the omission to the attention of the trial court, we will not, ex mero motu, reverse on a point raised in brief on appeal for the first time.
 "The functions of this court in its appellate character are strictly confined to the action of trial courts upon questions which are presented to and ruled upon by them. We cannot put a trial judge in error for failure to rule on a matter which has never been presented to, nor decided by, him." [Citations omitted.]
Since Michelle's first contention is presented for the first time on appeal, it comes too late.
We would observe, however, that Michelle and her parents were fully apprised of the issues and relief sought by DPS in its petition and the trial judge again informed them of those issues at the beginning of the hearing.
The purpose of pleadings is to give notice. Fraternal Orderof Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201,314 So.2d 663 (1975).
In the case at bar the petition filed by DPS clearly said that it was asking the court to review Michelle's situation and continue its prior disposition. The petition further requested such other relief as would be in Michelle's best interests.
We find that Michelle had adequate notice of the impending proceedings and of the issues there to be decided.
Michelle's final argument is that the trial court's order is not supported by clear and convincing evidence.
The paramount issue in a child custody case is the best interests and welfare of the child. Keele v. Keele,347 So.2d 1360 (Ala.Civ.App. 1977). And, where the trial court hears the evidence ore tenus, its findings will be presumed correct, and its judgment will not be overturned unless found to be unsupported by the evidence or plainly and palpably wrong.Cornett v. Cornett, 398 So.2d 303 (Ala.Civ.App. 1981).
The evidence shows that Michelle was placed in the temporary legal custody of DPS because of alleged sexual abuse by her natural father. Michelle remained in a foster home for several months.
At about the time DPS was considering returning Michelle to her parents' custody, the parents moved out of Pike County because the father lost his job. Michelle was then permitted to live with her grandparents.
Even though the parents lived fairly close to the grandparents, the parents did not visit Michelle very often.
Several months later the grandparents requested of DPS that they be relieved of Michelle's custody. They were unable to control her, nor were they able to get her to do her school work.
DPS placed Michelle in the United Methodist Children's Home in Selma, Alabama in August 1983.
There was testimony that the Children's Home has a program to aid children who are having behavior and school problems.
Michelle testified that she did have school problems and boy problems — she is an early teenager — while living with her grandparents. She says she is doing pretty well at the Children's Home and with a little effort can do better, although she would rather be living with her parents.
It should be noted that the placement of Michelle in the Children's Home was discussed with the parents and they agreed that Michelle would benefit from such placement.
The DPS caseworker testified that Michelle would benefit from the structured program offered by the Children's Home and after the first nine months in the home DPS would evaluate Michelle's situation to *Page 882 
determine if she could be returned to the custody of her parents.
We find that the trial court's order is supported by the evidence and that its judgment is not plainly and palpably wrong.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.