This is a child custody modification case.
The mother and father were divorced in 1982. The custody of their then two-year-old child was placed with the father.
The mother then sought to modify the original custody decree and to gain custody of the minor child. The trial judge, after an ore tenus hearing, refused to place custody of the child in the mother and ordered the following: "[C]ustody of the minor child of the parties . . . is hereby awarded to her paternal grandparents . . . pending further orders of the Court."
The mother through able counsel appeals the trial court's action and we affirm.
We note at this point that the same trial judge presided at both the original proceeding and the modification proceeding. This is significant because the learned trial judge in part in the modification order stated the following:
 "[A]t that time [the original divorce proceeding] . . . neither parent was a fit and proper person to have custody of this minor female child. Custody was placed in the father because the Court had before it evidence indicating that the defendant *Page 424 
father was living with his parents, who impressed the Court as decent, moral, law-abiding people, who could and would provide a stable, wholesome home for both the defendant and the minor child."
Put another way, this same trial judge during the original custody proceeding apparently determined that both the mother and the father were unfit to have custody of the child; however, custody of the child was placed in the father with the apparent understanding that both the father and the child would live with the paternal grandparents. The child has lived in the home of the paternal grandparents since the divorce in 1982.
We further note that no objection by way of an issue before this court, or otherwise, is made of the procedural aspects of the award of custody to the grandparents. As indicated below, the mother's contention is that she should have been awarded custody.
The dispositive issue is whether the trial court erred in refusing to award the mother custody.
The facts pertinent to this issue are as follows: There is evidence that the mother is now married to a man convicted of possession of marijuana. There is also evidence that since the divorce the mother apparently had sexual relations with various men while the minor child was in her home and that the mother contracted venereal disease. Furthermore, testimony indicates that these facts were undisclosed to the Department of Pensions and Security representative at the time the mother's home evaluation was prepared.
Additionally, as previously stated, the child has lived in the home of the paternal grandparents since the divorce. While there is evidence to indicate that certain conflicts exist between the father and the paternal grandparents, there is also evidence to indicate that the father will no longer be living in the home of the paternal grandparents.
We note that the mother has never had legal custody of the minor child since the divorce. This is significant in this instance, particularly in view of the statement by the trial judge regarding the parents as quoted hereinabove. Therefore, the following statements in an earlier decision regarding noncustodial parents appears to be pertinent in this instance:
 "[A] natural parent has a prima facie right to custody of his child, as against the custody of a nonparent.
 "The strong presumption favoring the natural parent as custodian applies to an initial custody determination,. . . . We find no authority for applying this presumption when a noncustodial parent is seeking modification of the prior custody decree."
Lewis v. Douglass, 440 So.2d 1073, 1075 (Ala.Civ.App. 1983). Consequently, the mother cannot properly rely upon a presumption that it is in the "best interest" of the child to place custody in a parent rather than grandparents. Actually, in this instance, only the father, if either parent, could properly rely upon such a presumption because the father, rather than the mother, was the custodial parent subsequent to the divorce. The father, as indicated, has not appealed.
Furthermore, regarding the mother's argument that it is in the child's "best interest" to be placed in the custody of the mother, we note that the burden is on the petitioner for modification of a custody decree to establish the following:
 "[T]he `changed circumstance doctrine'. . . . requires that the party seeking modification prove to the court's satisfaction that material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child."
Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976). *Page 425 
In determining whether modification of the custody decree would promote the "best interests" of the minor child, we note that the Alabama Supreme Court determined that in order to show "that the child's interests are promoted by the change," the mother must "produce evidence to overcome the `inherently disruptive effect caused by uprooting the child.'" McLendon v.McLendon, 455 So.2d 863 (Ala. 1984) (cite omitted).
In the McLendon decision, in which the mother sought to modify a custody decree that had placed custody of the child in the grandparents, the Alabama Supreme Court determined as follows:
 "The most that the mother has shown is that her circumstances have improved, and she is now able to provide for the child in the same manner in which the grandparents have been providing for her. She failed to show that changing the custody materially promotes
the welfare and best interest of the child."
McLendon v. McLendon, 455 So.2d 863 (Ala. 1984).
Therefore, in this case the mother has failed to show that to in effect change the custody of the minor child would materially promote the "best interest" of the child.
In view of the evidence regarding the mother's marriage to a man convicted of possession of marijuana, the evidence that the mother apparently had sexual relations with various men while the minor child was in her home, and the evidence that the mother contracted venereal disease since the divorce, we cannot even say that her circumstances have improved so that she is now able to provide for the child in the same manner as the grandparents. We, therefore, affirm the trial judge's decision to place custody of the minor child in the paternal grandparents.
The father has filed with this court a motion under Rule 38, Alabama Rules of Appellate Procedure. This motion is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.