This is a child custody and visitation case.
In March 1984, the parents were divorced by the Jefferson County Circuit Court. Custody of the four subject children was awarded to the paternal grandmother, who resides in Shelby County. The divorce decree established specific periods of visitation for both parents.
In October 1984, the Shelby County Department of Pensions and Security (DPS) filed petitions in the Shelby County Juvenile Court to have each child declared dependent under section 12-15-1 (10)(j), Ala. Code (1975), and temporary custody of each awarded to DPS. The petitions alleged *Page 570 
that the children had been sexually abused while they were visiting in the mother's home.
After an ore tenus hearing, the Shelby County Juvenile Court granted temporary custody of the children to DPS, but allowed the grandmother to retain physical custody. By its order the juvenile court also temporarily prohibited all visitation by the mother with the children and temporarily restricted the father's visitation privileges. From this order the father appeals. We affirm.
The father raises three primary issues on appeal. His first argument is that the Shelby County Juvenile Court lacked "jurisdiction" to entertain the DPS petitions because the parents had been divorced by the Jefferson County Circuit Court, which had awarded custody and established visitation rights.
The father did not raise this issue during the hearings below, and the matter is in this instance, therefore, not before this court. A party will not generally be permitted to assume on appeal a position inconsistent with that taken in the trial court as to questions of "jurisdiction," i.e., proper forum, or the legality of proceedings. Dimitro v. Dimitro, 398 So.2d 297
(Ala.Civ.App. 1981).
However, we note that it is clear to this court that the juvenile court had jurisdiction. Where there were allegations, followed by testimony, concerning the alleged sexual abuse of the children, the juvenile court had jurisdiction to determine that an emergency situation existed which threatened the safety and well-being of the children and required the court to act to protect the children from abuse. Ex parte Sumner, 451 So.2d 308
(Ala.Civ.App. 1984); Roberson v. McAliley, 387 So.2d 840
(Ala.Civ.App. 1980).
The second argument made by the father is that the order by the juvenile court deprived him of his rights of visitation without due process because neither the petitions nor the court apprised him that his fitness as a parent would be questioned. The father also failed to raise this argument in the court below, either during the proceedings or by way of a post-judgment motion. The due process argument, therefore, in this instance comes to this court too late, and we will not specifically address it. Matterof Rhodes, 444 So.2d 879 (Ala.Civ.App. 1984). See Matter ofStacks, 406 So.2d 979 (Ala.Civ.App. 1981). This is particularly true in view of the "emergency situation" confronting the trial court, coupled with the temporary nature of the trial court's order, and the fact that the father does still possess visitation privileges, even though they are limited.
The father's final argument on appeal is that the trial court abused its discretion in removing custody of the children from the grandmother and in restricting his visitation with the children.
In a child custody case the primary concern is the best interests and welfare of the child. Melton v. State Department ofPensions and Security, 448 So.2d 392 (Ala.Civ.App. 1984); Pricev. Price, 440 So.2d 1110 (Ala.Civ.App. 1983); Stacks, 406 So.2d at 980-81. To that end, the trial court is given discretion in both awarding custody and establishing visitation, and the trial court's determination of these matters will not be disturbed, absent a showing of a clear abuse of that discretion. Price, 440 So.2d at 1110; Stacks, 406 So.2d at 981.
Moreover, where the trial court, as was the case here, was presented evidence in a child custody case ore tenus, its determination will be presumed to be correct and will not be overturned unless it is plainly and palpably wrong. Melton, 448 So.2d at 394; Rhodes, 444 So.2d at 881.
There was ample testimony by the children themselves regarding sexual abuse they received visiting in the mother's home while in the custody of the grandmother. There was also testimony that the father had engaged in homosexual activities and that he may have attempted to engage in such activities with one of the children. In view of this evidenc, we cannot *Page 571 
hold that the trial court abused its discretion or erred as a matter of law.
In so holding, we note that matters of custody and visitation are never res judicata. Rather, the trial court retains jurisdiction of these matters so that they may be modified upon a showing of changed circumstances. Such is particularly the case here where the court's order effected only a temporary change in custody and a temporary restriction of the father's visitation privileges.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.