EDWARD N. SCRUGGS, Retired Circuit Judge.
The parental rights of the parents of a four-year-old daughter were terminated. The mother appealed and raises three issues.
I.
She contends that she did not receive sufficient notice of the seriousness of the petition whereby the Alabama Department of Pensions and Security (D.P.S.) sought to terminate her parental rights. Since that issue is raised for the first time upon appeal, we cannot consider it. Matter of Rhodes, 444 So.2d 879 (Ala.Civ.App.1984).
We observe, however, that in October 1984 one of the social workers for D.P.S. informed the mother that the child’s record was being reviewed concerning permanent custody and adoption. At that time the mother expressed her disagreement with an adoption of her daughter. The petition filed by D.P.S. in November 1984 plainly stated that a termination of parental rights and permanent custody of the child were being sought. The mother was ably represented by counsel at all stages of the proceedings and she was present and testified at the final hearing. Further, at the outset of the trial, the parties were again' verbally informed in open court by a representative of the trial court as to the nature and import of the proceedings. In summary, the record does not uphold the mother’s contention.
II.
The mother complains of the admission into evidence of hearsay evidence as to “certain records kept by the Department but not introduced at trial.” However, she fails to direct our attention to any particular part of the eighty-five-page trial record which she factually bases that contention upon. We cannot ascertain from the statement of facts, the statement of the issues or her argument thereon as to which testimony she deems to have been erroneously admitted. The “certain records” are never identified in her brief. In short, the issue cannot be considered since her statement of facts does not contain a full statement of those facts which are relevant to the issue with appropriate reference to the court record, and since the argument compounds those omissions by not containing any part of the trial record relied upon. Her argument is restricted to general references as to “records,” and no record is reasonably particularized anywhere in her brief. Rules 28(a)(4), (a)(5) and (e), Alabama Rules of Appellate Procedure.
However, out of deference to concerned counsel, we note that the reports which were introduced into evidence were prepared at the request and direction of the trial court and that the mother and her counsel were given copies of them. Further, in-court testimony, including the mother’s evidence, substantially corroborated testimony which was given concerning a record kept by D.P.S. We find no error here under either of the cases cited by the mother in her brief, Hamilton v. State of Alabama, 410 So.2d 64 (Ala.Civ.App.1982), and Worley v. Jinks, 361 So.2d *1256 1082 (Ala.Civ.App.), writ quashed, 361 So.2d 1089 (Ala.1978).
III.
The mother’s primary contention is that D.P.S. failed to prove by clear and convincing evidence that her maternal rights as to that daughter should have been ended.
“Extensive testimony was presented to the Court along with documentary evidence and upon consideration of same the Court finds that it has jurisdiction and the Court further finds that there is clear and convincing evidence that the mother of [the child] is unable to discharge her responsibilities as a parent to [the child]; that her conduct and conditions are such as to render her unable to properly care for [the child] and it is unlikely that changes in the foreseeable future will occur so as to make her able to properly care for [the child]. Further, the Court finds that through her action and inactions the mother has in effect •abandoned the minor child and that reasonable efforts of the Montgomery County Department of Pensions and Security and others to rehabilitate the parent/child relationship have failed.
“In reaching these conclusions the Court has considered the failure of the mother to provide for the material needs of the minor child, the failure of the mother to maintain regular and periodic visitations with the minor child, the failure of the mother to maintain consistent and regular contact with the child, the lack of effort on the part of the mother to adjust her circumstances to meet the needs of the child, the voluntary and abrupt removal of the mother from the State of Alabama without notice, and the willful disregard by the mother of valid Court Orders from the State of Alabama and the State of Kansas concerning this and other of the mother’s biological children.”
It was further found that there was no relative resource for the placement of this dependent child. Upon considering the above and all of the evidence presented at the contested hearing, the trial court permanently terminated the parental rights of the parents in and to this minor child and awarded her permanent custody to D.P.S.
Since the ore tenus rule applies, the judgment of the trial court is presumed to be factually correct and will not be overturned unless it is palpably wrong. While a natural parent has the prima facie right to her child’s custody in litigation between D.P.S. and the child’s natural parent, that right is not absolute, but is subject to the rule that the best interest and welfare of the child controls in child custody cases. Clear and convincing evidence must be presented to the trial court that it is not in the child’s best interest to be in the natural parent’s custody before a trial court is authorized to terminate a natural parent’s right to custody of the child. King v. State, 451 So.2d 314 (Ala.Civ.App.1984).
The factual findings, conclusions and judgment of the trial court were supported by clear and convincing evidence. The record discloses that there was also evidence which the trial court did not summarize which further upholds and supports the judgment. The trial court was not palpably wrong in the rendition of the final judgment in this case.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.