494 So.2d 625 (1985)
(In the Matter of Candance TERRY).
Jonathan M. TERRY
v.
Eddie L. SWEAT.
Civ. 4946.
Court of Civil Appeals of Alabama.
November 20, 1985.
Rehearing Denied January 8, 1986.
Edwin L. Yates, Montgomery, for appellant.
Charles M. Law, Montgomery, for appellee.
HOLMES, Judge.
This is a child custody modification case.
The parents were divorced in South Carolina in May 1984. Custody of the minor child, who was then approximately one and one-half years old, was awarded to the mother. Liberal visitation privileges were granted to the father.
Soon after the divorce the mother moved to Alabama, and since that time the child has resided primarily with Mr. and Mrs. Sweat, the mother's "legal" father and stepmother. In 1985, Mr. Sweat filed a petition to obtain temporary legal custody of the minor child. The mother did not oppose the petition. The father then filed a petition, seeking temporary legal custody.
Following an ore tenus hearing, the trial court awarded "temporary" legal custody to Mr. Sweat, subject to the same visitation *626 rights of the father as set out in the South Carolina divorce decree. The father, through able counsel, appeals. We affirm.
In a child custody case the primary concern is the best interest and welfare of the child. McKinney v. Alabama Department of Pensions & Security, 475 So.2d 568 (Ala.Civ.App.1985); Melton v. State Department of Pensions and Security, 448 So.2d 392 (Ala.Civ.App.1984); Price v. Price, 440 So.2d 1110 (Ala.Civ.App.1983). To that end, the trial court is given discretion in both awarding custody and establishing visitation, and the trial court's determination of these matters will not be disturbed, absent a showing of a clear abuse of that discretion. McKinney, 475 So.2d at 570; Price, 440 So.2d at 1110.
Moreover, in a child custody case in which the evidence was presented to the trial court ore tenus, that court's determination is presumed to be correct and will not be overturned unless it is so unsupported by the evidence that it is plainly and palpably wrong or an abuse of the court's discretion. McKinney, 475 So.2d at 570; Grimwood v. Grimwood, 465 So.2d 1167 (Ala.Civ.App.1985).
The father argues that the trial court erred in awarding custody to Mr. Sweat, a nonparent, rather than to him, the child's natural father. He relies upon the rule that a natural parent has a prima facie right to the custody of his child, as against a nonparent. See Ex parte Mathews, 428 So.2d 58 (Ala.1983). The father argues that the presumption in his favor can only be overcome by a showing that he is unfit to have custody, and he points out that the trial court, in effect, found that he is "fit."
Though the presumption in favor of a parent over a nonparent may apply to an initial custody determination, this court and our supreme court have held that the presumption does not apply when the non-custodial parent seeks modification of a prior custody decree. Sasser v. Thompson, 457 So.2d 422 (Ala.Civ.App.1984) (a case similar to the instant appeal); Lewis v. Douglass, 440 So.2d 1073 (Ala.Civ.App.1983). See also Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Here legal custody had been given to the mother, who had, in effect, turned over physical custody to the Sweats. The father, as the noncustodial parent seeking to modify the prior custody determination, was thus not entitled to rely upon the presumption that it would be in the child's best interest to be placed in his custody because he is the natural parent.
The evidence, moreover, clearly supports the trial court's determination that Mr. Sweat should be given legal custody. The parents separated when the child was only three months old, and the mother moved with the child to Alabama, where they lived for approximately one year, during which time the father did not see the minor child. The mother and child moved back to South Carolina before the divorce in May 1984; however, the mother returned to Alabama shortly thereafter. The father apparently chose not to exercise his liberal visitation privileges with the child after the move to Alabama. The child did not see the father from May 1984 until May 1985after these proceedings had begun.
During half of the child's life and certainly during all of her expected memory, she has been in the physical custody of the Sweats, who have been her primary caretakers. We note that, though apparently Mr. Sweat is not the natural father of the child's mother, he considers himself to be both the mother's father and the child's grandfather.[1] Moreover, a mental health counselor testified that Mr. and Mrs. Sweat are the psychological parents in the mind of the child and that to remove her from the Sweats' physical custody and place her in the home of her father, whom she has rarely seen, would be traumatic.
*627 In light of the above, we conclude that the trial court neither erred nor abused its discretion in modifying the prior custody decree to grant custody to Mr. Sweat, rather than to the father. This is particularly the case here where the court's order effected only a temporary change in custody. See McKinney, 475 So.2d at 571. Matters of custody and visitation are never res judicata, the trial court always retaining jurisdiction to modify such matters upon a showing of changed circumstances. McKinney, 475 So.2d at 571; Simpson v. Gibson, 420 So.2d 782 (Ala.Civ.App.1982). Such is especially true in the present case because the change in legal custody was expressly designated by the trial court as temporary and the father was given liberal visitation privileges. Hopefully, the father will exercise his visitation privileges, thus developing a strong relationship with the child.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs specially.
WRIGHT, Presiding Judge, concurring specially.
I concur with the result, but I feel compelled to comment on the direction that the law of custody is taking. The cases indicate that a natural parent's prima facie right of custody does not apply in cases where there has been a prior decree removing custody from the parent. This concept has been applied not only in cases where the custody was awarded to a nonparent (see Ex parte McLendon, 455 So.2d 863 (Ala.1984)), but also in cases where custody was awarded to the other parent (see Sasser v. Thompson, 457 So.2d 422 (Ala.Civ. App.1984)).
This concept appears to have had its origin in Willette v. Bannister, 351 So.2d 605 (Ala.Civ.App.1977). In that case, it was stated that any presumption favoring the natural parent is rebutted by a prior decree awarding custody. (In Willette v. Bannister, supra, the prior decree gave temporary custody to the grandmother.)
Then in Lewis v. Douglass, 440 So.2d 1073, 1075 (Ala.Civ.App.1983), this court stated:
"The strong presumption favoring the natural parent as custodian applies to an initial custody determination.... We find no authority for applying this presumption when a noncustodial parent is seeking modification of the prior custody decree."
The cases cited in support of this statement were cases in which custody had been awarded to nonparents and the natural parents were seeking to gain custody.
This language from Lewis v. Douglass, supra, was quoted in Sasser v. Thompson, 457 So.2d 422, 424 (Ala.Civ.App.1984), to support the following:
"Consequently, the mother cannot properly rely upon a presumption that it is in the "best interest" of the child to place custody in a parent rather than grandparents. Actually, in this instance, only the father, if either parent, could properly rely upon such a presumption because the father, rather than the mother, was the custodial parent subsequent to the divorce. The father, as indicated, has not appealed."
Our supreme court dealt with the presumption that a natural parent has a prima facie right to custody of the child in Ex parte McLendon, supra. The court found that the presumption does not apply when custody has been voluntarily forfeited or a prior decree has awarded custody to a nonparent.
The court also stated in Ex parte McLendon, supra, at 865:
"The correct standard in this case is: `Where a parent has transferred to another [whether it be a non-parent or the other parent], the custody of h[er] infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless [s]he can show that a change of the *628 custody will materially promote h[er] child's welfare.' Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947), quoting the Supreme Court of Virginia, Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 628 (1898)."
I understand that Ex parte McLendon, supra, can be given the construction that a noncustodial parent loses his presumptive right of custody against (1) the custodial parent, (2) nonparents who have been awarded custody in a prior decree and (3) nonparents with whom the noncustodial parent has agreed to give custody of the child. But both Sasser v. Thompson, supra, and the instant case indicate that once custody is awarded to one parent, then the noncustodial parent has forever relinquished any presumptive right to custody and thereafter stands on the same footing with a nonparent. I feel that these cases give Ex parte McLendon, supra, too broad a construction.
McLendon could be given the construction that when a decree awards custody to one parent, without a finding that the noncustodial parent is unfit, then the noncustodial parent is not deprived of his prima facie right to custody, except as against that custodial parent. See Re Carlson, 181 Neb. 877, 152 N.W.2d 98, 25 A.L.R.3d 1 (1967); Judd v. Van Horn, 195 Va. 988, 81 S.E.2d 432 (1954). See also 59 Am.Jur.2d Parent and Child § 44 (1971); Annot. 25 A.L.R.3d 7 (1969).
Because a parent's "right to `the companionship, care, custody, and management of his or her children' is an important interest that `undeniably warrants deference and, absent a powerful countervailing interest, protection,'" Lassiter v. Department of Social Services, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981), it is my considered opinion that the mere granting of custody of a child to a preferred parent or nonparent, because of agreement or because of best interest of the child, without unfitness of the parent denied custody, should not remove forever the primary right of the parent. It is evident that custody of children is most often granted as a matter of choice between equally qualified parents solely upon the best-interest-of-the-child criteria. Such a preferential selection should not remove the primary right of the unselected parent to custody of his or her child as against a third party. The primary right of a parent to custody of a child should not be so easily removed. I concur in the result in this case, because there was sufficient evidence to overcome the primary right to custody of the father in order to promote the best interest of the child.
NOTES
[1] Mr. Sweat was married to the child's natural grandmother at the time of the child's mother's birth.