This is a child custody modification case.
The parents were divorced in South Carolina in May 1984. Custody of the minor child, who was then approximately one and one-half years old, was awarded to the mother. Liberal visitation privileges were granted to the father.
Soon after the divorce the mother moved to Alabama, and since that time the child has resided primarily with Mr. and Mrs. Sweat, the mother's "legal" father and stepmother. In 1985, Mr. Sweat filed a petition to obtain temporary legal custody of the minor child. The mother did not oppose the petition. The father then filed a petition, seeking temporary legal custody.
Following an ore tenus hearing, the trial court awarded "temporary" legal custody to Mr. Sweat, subject to the same visitation *Page 626 
rights of the father as set out in the South Carolina divorce decree. The father, through able counsel, appeals. We affirm.
In a child custody case the primary concern is the best interest and welfare of the child. McKinney v. AlabamaDepartment of Pensions Security, 475 So.2d 568 (Ala.Civ.App. 1985); Melton v. State Department of Pensions and Security,448 So.2d 392 (Ala.Civ.App. 1984); Price v. Price, 440 So.2d 1110
(Ala.Civ.App. 1983). To that end, the trial court is given discretion in both awarding custody and establishing visitation, and the trial court's determination of these matters will not be disturbed, absent a showing of a clear abuse of that discretion. McKinney, 475 So.2d at 570; Price, 440 So.2d at 1110.
Moreover, in a child custody case in which the evidence was presented to the trial court ore tenus, that court's determination is presumed to be correct and will not be overturned unless it is so unsupported by the evidence that it is plainly and palpably wrong or an abuse of the court's discretion. McKinney, 475 So.2d at 570; Grimwood v. Grimwood,465 So.2d 1167 (Ala.Civ.App. 1985).
The father argues that the trial court erred in awarding custody to Mr. Sweat, a nonparent, rather than to him, the child's natural father. He relies upon the rule that a natural parent has a prima facie right to the custody of his child, as against a nonparent. See Ex parte Mathews, 428 So.2d 58 (Ala. 1983). The father argues that the presumption in his favor can only be overcome by a showing that he is unfit to have custody, and he points out that the trial court, in effect, found that he is "fit."
Though the presumption in favor of a parent over a nonparent may apply to an initial custody determination, this court and our supreme court have held that the presumption does not apply when the non-custodial parent seeks modification of a prior custody decree. Sasser v. Thompson, 457 So.2d 422 (Ala.Civ.App. 1984) (a case similar to the instant appeal); Lewis v.Douglass, 440 So.2d 1073 (Ala.Civ.App. 1983). See also Ex parteMcLendon, 455 So.2d 863 (Ala. 1984).
Here legal custody had been given to the mother, who had, in effect, turned over physical custody to the Sweats. The father, as the noncustodial parent seeking to modify the prior custody determination, was thus not entitled to rely upon the presumption that it would be in the child's best interest to be placed in his custody because he is the natural parent.
The evidence, moreover, clearly supports the trial court's determination that Mr. Sweat should be given legal custody. The parents separated when the child was only three months old, and the mother moved with the child to Alabama, where they lived for approximately one year, during which time the father did not see the minor child. The mother and child moved back to South Carolina before the divorce in May 1984; however, the mother returned to Alabama shortly thereafter. The father apparently chose not to exercise his liberal visitation privileges with the child after the move to Alabama. The child did not see the father from May 1984 until May 1985 — after these proceedings had begun.
During half of the child's life and certainly during all of her expected memory, she has been in the physical custody of the Sweats, who have been her primary caretakers. We note that, though apparently Mr. Sweat is not the natural father of the child's mother, he considers himself to be both the mother's father and the child's grandfather.[1] Moreover, a mental health counselor testified that Mr. and Mrs. Sweat are the psychological parents in the mind of the child and that to remove her from the Sweats' physical custody and place her in the home of her father, whom she has rarely seen, would be traumatic. *Page 627 
In light of the above, we conclude that the trial court neither erred nor abused its discretion in modifying the prior custody decree to grant custody to Mr. Sweat, rather than to the father. This is particularly the case here where the court's order effected only a temporary change in custody. SeeMcKinney, 475 So.2d at 571. Matters of custody and visitation are never res judicata, the trial court always retaining jurisdiction to modify such matters upon a showing of changed circumstances. McKinney, 475 So.2d at 571; Simpson v. Gibson,420 So.2d 782 (Ala.Civ.App. 1982). Such is especially true in the present case because the change in legal custody was expressly designated by the trial court as temporary and the father was given liberal visitation privileges. Hopefully, the father will exercise his visitation privileges, thus developing a strong relationship with the child.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs specially.
[1] Mr. Sweat was married to the child's natural grandmother at the time of the child's mother's birth.