This appeal arises from motions filed by the wife pursuant to Rule 60 (b)(4) of the Alabama Rules of Civil Procedure to vacate the parties' divorce decree and a subsequent order pertaining to the temporary custody of the parties' minor son.
Following an ore tenus hearing, the trial court denied the 60 (b)(4) motions and upheld both the divorce decree and the temporary custody order. The wife appeals. We affirm.
The decision of whether to grant or deny a Rule 60 (b) motion falls within the discretion of the trial court, and that decision will not be set aside on appeal unless an abuse of that discretion is shown. Shipe v. Shipe, 477 So.2d 430
(Ala.Civ.App. 1985); Coburn v. Coburn, 474 So.2d 728
(Ala.Civ.App. 1985). Considering the unique circumstances of this case, detailed below, we do not think that any such abuse has been shown.
The husband filed for divorce in October 1984, claiming that the whereabouts of the wife were unknown. He attached to the complaint a copy of a letter to him from the wife, in which she stated that she was leaving him and their son, that she did not know where she was going, and that he should not look for her.
The husband's attorney filed with the complaint for divorce an affidavit, in which he stated that he had attempted to locate the wife, that her whereabouts were unknown, and that "service of summons or other process can not be made because her residence is unknown and with reasonable diligence and effort on my part, I have not been able to locate her." The attorney requested the clerk to perfect service by publication.
Thereafter, notice of the divorce action was published in a local newspaper for *Page 647 
approximately four weeks. The wife never answered the complaint, and on May 16, 1985, the trial court entered a divorce decree by default, awarding custody of the parties' child to the husband.
Approximately three months after the divorce decree was entered, the husband was killed in a truck accident. Soon thereafter, Janice and Robert Cluxton, the husband's sister and brother-in-law, filed a motion to intervene and a petition to modify the divorce decree, seeking custody of the parties' child.
The wife was apparently served with a copy of the petition to modify, or at least obtained a copy from her mother, but, before service was returned or the wife had an opportunity to answer, the trial court entered an order ex parte on August 27, 1985, awarding temporary custody of the child to the Cluxtons "pending further orders of this Court or a hearing on the merits of the Petition to Modify as filed herein."
In October 1985, the wife filed the instant 60 (b)(4) motions, claiming that both the August 27, 1985, custody order and the divorce decree were void and should be vacated.
 I
The wife contends that the decree of divorce by default is void because the trial court did not have personal jurisdiction over her due to insufficient service of process. Specifically, the wife claims that she was improperly served through publication because no other method of service was attempted prior to publication.
This contention presents a question which apparently has not yet been addressed by the appellate courts of this state: whether, under the unique facts of this case — where uncontradicted evidence shows that the husband did not know the whereabouts of the wife — the husband must first attempt to serve her by process server or mail before perfecting service by publication. We think that the only reasonable answer to this question is in the negative.
Rule 4.3 (a)(1), Alabama Rules of Civil Procedure, specifically provides that service by publication applies to a claim involving marital status "where the identity or residence of a defendant is unknown. . . ." In such cases, Rule 4.3 (d)(1) provides that service by publication can be made after a party or his counsel files an affidavit "averring that service of summons or other process cannot be made because . . . the residence is unknown to the affiant and cannot with reasonable diligence be ascertained. . . ."
Nowhere within Rule 4.3 is a plaintiff required in a case, such as the present, in which the residence of the defendant is unknown, to attempt service first by a method other than publication. Where a defendant's residence is known, Rule 4.3 (b) requires the plaintiff to attempt service by a method other than publication before he may resort to the latter. Where a defendant avoids service, Rule 4.3 (c) allows service by publication, but apparently only after service has first been attempted by some other method and the process server has endorsed the failure of service and the reason therefor on the process.
Sections (b) and (c) of Rule 4.3, however, do not appear to apply to cases where the residence of the defendant is unknown, and the wife's reliance upon the requirements of these sections is misplaced. It is quite reasonable to require service first by a method other than publication where a defendant's residence is known or where the defendant is alleged to be avoiding service. It is not reasonable or logical to require such service where the defendant's residence is unknown and this fact is certified to the clerk. To construe Rule 4.3 otherwise would be to require the clerk to send a process server or to mail the process to an address where the clerkknows the defendant is not located. Such a result is not only useless, but is contrary to the intended effect and construction of the Rules of Civil Procedure. See Rule 1 (b) and (c), A.R.Civ.P. *Page 648 
We emphasize that this is not a case in which the evidence shows that the wife's location could have been easily ascertained, enabling service by a method other than publication. As such, the wife's reliance upon the case ofWhitfield v. Sanders, 366 So.2d 258 (Ala. 1978), is misplaced. In Whitfield, the Alabama Supreme Court held that notice by publication was insufficient to give the trial court jurisdiction over the defendant and that the default judgment that had been obtained against the defendant was void. The uncontradicted evidence in that case, however, established that, while there was not any effort made to ascertain the defendant's address, that address could have easily been obtained and he could have easily been served by certified mail.
There is no such evidence in the present case. Rather, the record contains the sworn affidavit of the husband's attorney, an officer of the court, stating that he had not been able to locate the wife after the exercise of reasonable diligence. The wife does not assert that the statements made in the affidavit are not true, and she did not present evidence in the trial court to show that, prior to the date when service by publication was perfected, she could have been located and served in another manner.
We do note, however, that the evidence appears to be uncontradicted that in December 1984, after service by publication was accomplished, the wife reappeared in Lawrence County, Alabama, and resided there with physical custody of the child through at least May 1985. The wife alleges that, throughout this period prior to the entry of the default against her, the husband knew her whereabouts, but did not serve her with a copy of the complaint.
It thus appears that an argument could have been made by the wife in the trial court that the default judgment was improperly entered against her and should be set aside under Rule 60 (b). Such, however, was neither her argument below nor her argument in this court, except for vague allusions thereto in her reply brief. Rather, her sole argument was that the divorce decree must be set aside as void under Rule 60 (b)(4) because Rule 4.3, A.R.Civ.P., required the husband to attempt to serve her by a method other than publication before resorting to service by publication. Accordingly, we have addressed only that argument.
Based upon our interpretation of Rule 4.3, as applied to the unique circumstances of this case, including the uncontradicted affidavit by the husband's counsel that the wife could not be located, we conclude that service by publication was proper and that the husband was not required first to attempt service by another method. Cf. Hutchins v. Shepard, 370 So.2d 275 (Ala. 1979). The trial court did not abuse its discretion in denying the wife's 60 (b)(4) motion and in upholding the May 16, 1985, divorce decree.
 II
The wife contends that the August 27, 1985, custody order is void because it was entered ex parte before she was served with a copy of the Cluxtons' petition to modify. As such, she claims that she was denied due process of law.
There can be no doubt that the right to maintain family integrity is a fundamental right which is protected by the due process requirements of the United States Constitution. Cf. Inthe Matter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985);Hamilton v. State, 410 So.2d 64 (Ala.Civ.App. 1982). See alsoThorne v. Thorne, 344 So.2d 165 (Ala.Civ.App. 1977).
Had the trial court granted permanent custody of the child to the Cluxtons in its August 27, 1985, order, we would be inclined to agree with the wife that her due process rights had been violated. No such permanent order was entered, however. All the trial court did on August 27, 1985, was to grant temporary custody to the Cluxtons pending a hearing on the merits of their petition to modify. Moreover, in denying the wife's 60 (b)(4) motion to vacate, the trial court again held that the *Page 649 
Cluxtons had only temporary custody of the child "until the Court can entertain a motion by the mother and hear evidence as to where the primary custody and control of this child should be placed."
The primary concern in all child custody matters is the best interest and welfare of the child. Terry v. Sweat,494 So.2d 625 (Ala.Civ.App. 1985); McKinney v. Alabama Department ofPensions and Security, 475 So.2d 568 (Ala.Civ.App. 1985). To that end, the trial court is given wide discretion in awarding custody, and its determination will not be disturbed, absent a showing of a clear abuse of that discretion. Terry,494 So.2d 625; McKinney, 475 So.2d at 570.
Contrary to the wife's assertions, the trial court could reasonably have concluded in entering its August 27, 1985, exparte order that a semi-emergency situation existed, which could threaten the well-being of the child. The Cluxtons' petition to modify explained that the child's father (the husband) had just been killed in a vehicular accident, that the child's mother had earlier relinquished custody of the child, and that the Cluxtons had stepped in as custodians.
Given these circumstances, particularly the fact that the wife did not have custody of the child on August 27, 1985, we do not find any abuse of discretion or violation of the wife's rights due to the August 27 ex parte order. Cf. Ex parteWilliams, 474 So.2d 707 (Ala. 1985).
This is particularly so because the custody award to the Cluxtons was temporary in nature. Terry, 494 So.2d 625;McKinney, 475 So.2d at 571. We remind the wife that matters of custody are never res judicata. The trial court always retains jurisdiction to modify upon a showing of changed circumstances.Terry, 494 So.2d 625; McKinney, 475 So.2d at 571. Here, the trial court expressly noted its retention of jurisdiction of the case so that the wife could present "evidence as to where the primary custody and control of this child should be placed."
This case is due to be, and it is, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.