This is a divorce and child custody case.
Following a lengthy trial, in which testimony was presentedore tenus, the trial court entered a final judgment of divorce. Custody of the parties' three minor children was granted to the husband.
The wife, through able counsel, appeals, contending that the trial court erred in awarding custody to the husband. We affirm.
The wife's primary contention appears to be that, because the parties were divorced on grounds of incompatibility, the trial court was prohibited from considering any fault or misconduct on her part in making its custody determination. She apparently claims that, had the court not considered her alleged misconduct, it would have awarded her custody because the evidence shows that she is a good mother.
The primary concern in child custody cases is the best interest and welfare of the child. In the Matter of Terry,494 So.2d 625 (Ala.Civ.App. 1985); McKinney v. Alabama Departmentof Pensions Security, 475 So.2d 568 (Ala.Civ.App. 1985). To that end, the trial court is given discretion in awarding custody and establishing visitation, and its determination of these matters will not be reversed, absent a showing of a clear abuse of that discretion. Lucero v. Lucero, 485 So.2d 347, 348
(Ala.Civ.App. 1986); McKinney, 475 So.2d at 570.
In making its determination regarding custody in a divorce, the trial court should consider a variety of factors, including the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments. Ex parte Devine, 398 So.2d 686 (Ala. 1981); Barkv. Bark, 479 So.2d 42 (Ala.Civ.App. 1985).
We emphasize that the parties stand on equal footing in an initial custody determination — there is no presumption in favor of either party. See Ex parte Devine, 398 So.2d at 695-96; Crosslin v. Crosslin, 494 So.2d 431 (Ala.Civ.App. 1986).
It is well within the trial court's discretion in an initial custody determination to consider, if appropriate, the fault or misconduct of either or both parties among the many factors it must consider in determining to whom custody should be awarded.Cf. Cokely v. Cokely, 469 So.2d 635 (Ala.Civ.App. 1985); Warrenv. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). Therefore, the trial court did not err in considering evidence of the misconduct of the wife in deciding to place custody of the children with the husband.
In a divorce case in which the evidence has been presentedore tenus, the judgment of the trial court is presumed to be correct and will not be reversed on appeal, unless it is so unsupported by the evidence as to be plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986); Lucero, 485 So.2d at 348; Dyar v. Dyar, 484 So.2d 1116 (Ala.Civ.App. 1986).
A review of the evidence in the record shows that it does support the trial court's decision to award custody to the husband.
At the time of the trial of the case, the parties were in their early thirties and had been married approximately twelve years. They have two sons, ages eight and five, and a daughter, age three. The husband is employed as a staff minister at the First Baptist Church of Gadsden. The wife does not work.
There is evidence which shows that both parties love their children and that both would be adequate custodial parents. Given the testimony of several persons regarding the wife's affair with a Dr. Collier, however, who was then married to another woman, and the conduct of the wife toward the children and others during the course of the affair, we cannot say that the trial court abused its discretion in awarding custody of the children to the husband. *Page 97 
We agree with the wife that a parent should not be denied custody for every act of indiscretion or immorality. Nesmith v.Nesmith, 419 So.2d 247 (Ala.Civ.App. 1982). In this case, however, such evidence was sufficient to tip the balance in the husband's favor.
The wife also contends that the trial court erred in admitting into evidence certain testimony and an exhibit offered by the husband. She argues first that the trial court should not have permitted the testimony of Dr. Harrell Cushing, her minister and the husband's supervisor at the First Baptist Church, regarding her conversation with him about her relationship with Dr. Collier. The wife claims that such conversation was a privileged communication under Ala. Code (1975), § 12-21-166.
The privilege provided by § 12-21-166 for a "priest-penitent" communication does not include all communications with one's clergyman. To be privileged, the communication must be penitential in character and must be made to the clergyman in his professional capacity. Lucy v. State, 443 So.2d 1335
(Ala.Crim.App. 1983). In other words, the "penitent" must have been making a confession or seeking spiritual counsel or comfort or advice or help with a marital problem. Ala. Code (1975), § 12-21-166 (b).
The wife's conversation with Dr. Cushing was clearly not of the kind to which the statute grants the privilege. The wife did not approach Dr. Cushing to make a confession or to seek his counsel, comfort, or advice with regard to her marital problems or her affair with Dr. Collier. Rather, Dr. Cushing approached the wife to express to her his concern about the effect her affair was having upon the church family and her husband's work for the church. Under such circumstances, the trial court did not err in allowing Dr. Cushing's testimony.
The wife's final contention is that the trial court erred in admitting into evidence a so-called diary of Dr. Collier in which he set forth his sexual fantasies or descriptions. The wife argues that the diary was highly prejudicial to her and was not relevant or material to the issue of custody.
We find that the diary added little to the other evidence regarding Dr. Collier and his affair with the wife. Therefore, if it was error for the trial court to admit the diary into evidence (and we do not imply that such was error), the error is without injury and does not require reversal. Rule 45, Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.