ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
The parties to this appeal were divorced by the Circuit Court of Mobile County on October 17, 1988. The court awarded custody of the parties’ two children to the mother and required the father to pay to the mother $134 per week for their support. The court also required the father to pay the mother’s attorney’s fee of $500 and required him to pay $500 to the guardian ad litem. The father’s motion for rehearing was denied and he appeals.
The mother and father were married in 1974. They are the parents of two children, one thirteen years old and the other one eleven years old.
The mother is employed as a special education teacher in Mobile County, where the parents have their residence. The father is employed as a helicopter pilot operating out of Morgan City, Louisiana. He is on duty continuously for seven days and then off for seven days. When he is off duty, the father lives with his family in Mobile County-
For his first issue on appeal, the father contends that the trial court committed reversible error when it admitted into evidence two audio tapes of sermons preached by the pastor of the parties’ church and when it allowed the mother to testify to statements made in her presence by the pastor in church. The tapes contained statements by the pastor of the church the family attended to which the father subscribed and the mother did not. The statements allegedly made by the pastor testified to by the mother related to demons in the children’s toys and the fact that the Masons were an anti-Christian organization. The father contends that the proffered evidence is hearsay.
The mother’s reply to this contention is that the tapes and testimony were not offered to prove the truth of the assertions made but rather to prove that the statements were in fact made by the pastor.
An extrajudicial statement is not hearsay if it is offered merely for the purpose of proving that the statement was made, provided the purpose is otherwise relevant in the case. Bryant v. Moss, 295 Ala. 339, 329 So.2d 538 (1976).
It appears that the objected-to evidence was offered to prove only that the statements were made by the pastor of the church which the family attended. Furthermore, the statements were relevant to this case because the mother is contending that an award of custody of the children to her would remove them from these potentially harmful influences.
Even if the objected-to evidence was hearsay, the admission of such evidence was merely error without injury. Muncher v. Muncher, 509 So.2d 250 (Ala.Civ.App. 1987); Rule 45, Alabama Rules of Appellate Procedure. There is sufficient evidence to support the trial court’s judgment without considering the objected-to evidence. No error here.
The father, in his issues II and IV, contends that the trial court erred in allowing opinion testimony by the mother’s psychologist and in requiring the father to pay all of the guardian ad litem’s fee.
Although the father argued the above two issues in his brief, he failed to cite any authority for the legal argument. Failure to cite authority supportive of arguments made precludes this court from considering the issues presented in brief. May v. State Department of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987); Rule 28, Alabama Rules of Appellate Procedure.
In his third issue the father says that the trial court committed reversible error by awarding the mother an attorney’s fee in the absence of evidence as to the value of the attorney’s services.
In Chandler v. Chandler, 501 So.2d 1234 (Ala.Civ.App.1987), this court said:
“The award of an attorney’s fee in a divorce case rests in the sound discretion *980 of the trial court, and such an award will not be reversed except for an abuse of discretion. Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App.1984).... Additionally, in the absence of proof of the reasonableness of attorney fees, the trial court may rely on its knowledge and experience as to the value of the services performed by the attorney. Robinson v. Robinson, 381 So.2d 637 (Ala.Civ.App.), writ denied, 381 So.2d 641 (Ala.1980).”
We find no abuse of discretion by the trial court in its award of an attorney’s fee to the wife in the amount of $500.
In his final issue the father says that the trial court erred by awarding custody of the parties’ two children to the mother. We disagree.
“The primary concern in child custody cases is the best interest and welfare of the child. In the Matter of Terry, 494 So.2d 625 (Ala.Civ.App.1985); McKinney v. Alabama Department of Pensions & Security, 475 So.2d 568 (Ala.Civ.App. 1985). To that end, the trial court is given discretion in awarding custody and establishing visitation, and its determination of these matters will not be reversed, absent a showing of a clear abuse of that discretion. Lucero v. Lucero, 485 So.2d 347, 348 (Ala.Civ.App. 1986); McKinney, 475 So.2d at 570.
“In making its determination regarding custody in a divorce, the trial court should consider a variety of factors, including the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments. Ex parte Devine, 398 So.2d 686 (Ala. 1981); Bark v. Bark, 479 So.2d 42 (Ala.Civ.App.1985).
“We emphasize that the parties stand on equal footing in an initial custody determination—there is no presumption in favor of either party. See Ex parte Devine, 398 So.2d at 695-96; Crosslin v. Crosslin, 494 So.2d 431 (Ala.Civ.App. 1986).”
Santmier v. Santmier, 494 So.2d 95 (Ala. Civ.App.1986).
Although in dispute, there is evidence in the record to support the trial court’s award of custody of the parties’ minor children to the mother.
At the time of trial, the mother had obtained her master’s degree in education and was working toward another advanced degree. She was employed as a special education teacher for children and had rented a house on the campus of the University of South Alabama where she and the children would live. The father was still employed as a helicopter pilot in Louisiana. His work schedule was one week working and one week off. He stated that should he be awarded custody of the children he would place them in a boarding house supervised by the church he attended in Milton, Florida during the week he was working. The mother testified that the children would be with her except for those few hours when she was teaching school.
There was evidence submitted that both parents were fit custodians of the children. However, an expert witness testified that the children’s best psychological interests would be better served by their being in the custody of their mother.
The children expressed a preference for being in the custody of their father. Such preferences are not controlling on the court, but are merely a factor to be considered by the court in making its custody award. Hayes v. Hayes, 512 So.2d 119 (Ala.Civ.App.1987).
Based on the evidence in the record, we do not find that the trial court abused its discretion in awarding custody of the children to the mother.
The mother is awarded an attorney’s fee on appeal in the amount of $500.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code *981 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.